2016 IL App (3d) 150090

Opinion filed April 5, 2016

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2016

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois. |
|---|---|---|
| Plaintiff-Appellee, | ) | |
| | ) | Appeal No. 3-15-0090 |
| v. | ) | Circuit No. 12-CF-294 |
| | ) | |
| WILLIAM N. KIBBONS, | ) | Honorable |
| | ) | Susan S. Tungate, |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE O'BRIEN delivered the judgment of the court, with opinion.
Justices McDade and Schmidt concurred in the judgment and opinion.

**OPINION**

¶ 1    The defendant, William Kibbons, pled guilty to one count of aggravated driving under the influence (625 ILCS 5/11-501(d)(1)(C) (West 2012)) and was sentenced to eight years in prison. The defendant appealed, challenging the denial of his motion to withdraw his guilty plea and his sentence.

¶ 2                                    FACTS

¶ 3    The defendant was indicted for two counts of aggravated driving under the influence of alcohol (DUI), resulting in great bodily harm (625 ILCS 5/11-501(d)(1)(C) (West 2012)), and

one count of leaving the scene of an accident involving personal injury or death (625 ILCS 5/11-401(a) (West 2012)), for an accident that occurred on June 4, 2012. The defendant entered a plea, pleading guilty to count one (aggravated DUI), in exchange for an agreed sentencing cap recommendation by the State of eight years. The State also agreed to *nolle prosequi* the other two counts and dismiss charges in another case in exchange for the defendant's guilty plea to aggravated DUI. The trial court accepted the defendant's guilty plea, ordered a presentence investigation (PSI), and continued the matter for sentencing.

¶ 4 At the sentencing hearing, the assistant State's Attorney moved to correct the PSI report because it failed to reflect the defendant's court supervision for a Will County DUI in 1997 that was listed on the driver abstract attached to the PSI. The State argued that the current offense was the defendant's second DUI and that this one involved great bodily harm. It asked for the agreed upon cap of eight years. The defense requested that the defendant be sentenced to probation and time served. In sentencing the defendant to eight years, the trial court noted that the defendant already had his second chance after his first DUI. It also noted the severity of the bodily injuries and its effect on the victim of the accident. The court noted that it would have sentenced the defendant to 10 years if not for the cap.

¶ 5 The trial court advised the defendant of his right to appeal, admonishing him in accordance with Illinois Supreme Court Rule 605(b) (eff. Oct. 1, 2001). Relevant to this appeal, the trial court admonished the defendant that: "Prior to taking an appeal you would have to file in the trial court within 30 days of today's date, which is the date the sentence was imposed, a written motion asking to have the trial court reconsider the sentence or to have the judgment vacated and for leave to withdraw you plea of guilty." After the defendant indicated that he did not understand, the trial court further explained:

"There's two things that [happen]. One: you can file a motion to reconsider the sentence. [Two:] You can have a motion to vacate the whole thing. Okay. You have 30 days from today's date to file that."

¶ 6       Within 30 days of sentencing, on August 13, 2013, defense counsel filed a motion to reconsider the defendant's sentence, arguing that the trial court failed to give sufficient weight to the mitigation evidence and the 8-year sentence was excessive. That motion was denied on October 18, 2013. Thereafter, the defendant retained new counsel. During a conference with the new counsel, it was discovered that Jamie Boyd, the Kankakee County State's Attorney and the office prosecuting the defendant, had represented the defendant in his Will County DUI in 1997.

¶ 7       Based on that information, on November 15, 2013, the defendant filed a motion to withdraw his plea or, alternatively, to reconsider his sentence and for extended time to file an appeal. The defense argued a *per se* conflict of interest on the part of the State's Attorney, a violation of the Illinois Rules of Professional Conduct, and violations of the Illinois constitution. If the court found no *per se* conflict, the defendant requested an evidentiary hearing on actual conflict. After a hearing, the trial court entered a written decision on April 24, 2014, denying the defendant's motion, finding no *per se* conflict but allowing the defendant time to file pleadings regarding actual conflict. On May 22, 2014, the defendant filed his motion to withdraw his guilty plea based upon actual prejudice. That motion, which was amended on November 13, 2014, contained a request for discovery into actual prejudice. The State filed a motion to strike the motion or, alternatively, to strike the discovery request. The trial court found that the motion did not make sufficient allegations of actual prejudice and granted the State's motion to strike. That decision was entered on January 16, 2015. On February 6, 2015, the defendant filed his notice of appeal.

3

¶ 8                                    ANALYSIS

¶ 9          The State argues that the appeal was not timely because the defendant did not file a notice of appeal within 30 days of the denial of his motion to reconsider his sentence.  Instead, within 30 days of the denial of that motion, new defense counsel filed a motion to withdraw the guilty plea or alternatively to reconsider sentence and to extend time for filing the notice of appeal. That motion was denied on April 24, 2014, but the defendant was also given leave to file pleadings addressing an actual conflict.  That pleading was filed on May 22, 2014, and that motion was denied on January 16, 2015.  Notice of appeal was filed on February 6, 2015.

¶ 10         Illinois Supreme Court Rule 606 (eff. Feb. 6, 2013) establishes the procedure and timeline for perfecting an appeal.  Rule 606(b) provides that "[e]xcept as provided in Rule 604(d), the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from or if a motion directed against the judgment is timely filed, within 30 days after the entry of the order disposing of the motion."  Ill. S. Ct. R. 606(b) (eff. Feb. 6, 2013).  It is undisputed that the notice of appeal was not filed within 30 days of the entry of the final judgment, which was the sentencing in this criminal case.  See *People v. Baldwin*, 199 Ill. 2d 1, 5 (2002) ("Absent a sentence, a conviction is not a final and appealable judgment.").

¶ 11         Thus, under Rule 606(b), it is necessary to determine if there was a timely motion against the judgment.  Illinois Supreme Court Rule 604(d) (eff. Feb. 6, 2013) provides that when a defendant wishes to appeal from a judgment entered upon a guilty plea, he must first file a postplea motion with the trial court, within 30 days of sentencing.  *People v. Gougisha*, 347 Ill. App. 3d 158, 160-61 (2004).

¶ 12    In this case, the State agreed to a sentencing cap and dismissed charges based upon the defendant's plea, making it a negotiated plea. See *Gougisha*, 347 Ill. App. 3d at 161 ("A plea agreement that precludes the State from arguing for a sentence from the full range of available penalties is a negotiated, not an open, plea."). Thus, pursuant to Rule 604(d), the defendant could not take an appeal from his negotiated plea unless he first filed a motion to withdraw the plea of guilty and vacate the judgment. However, the motion that the defendant filed within 30 days of sentencing was a motion to reconsider sentence, rather than a motion to withdraw his guilty plea. Even though the defendant filed the wrong motion under Rule 604(d), it was a timely motion directed against the judgment and tolled the time for appeal under Rule 606(b). See *People v. Green*, 375 Ill. App. 3d 1049, 1050 (2007) (motion to reconsider sentence was the wrong motion under Rule 604(d) but did serve as a timely motion directed against the judgment and tolled time for appeal).

¶ 13    The defendant, however, did not file a notice of appeal within 30 days of the denial of that motion. Instead, he filed what was essentially the correct motion under Rule 604(d), the motion to withdraw his plea of guilty. While that motion was filed while the trial court still had jurisdiction, it was not a timely motion under Rule 606(b), and we have no discretion to forgive the defendant's failure to comply with the rule. See *People v. Salem*, 2016 IL 118693, ¶ 19 (motion for a new trial, filed within 30 days of sentencing but not within 30 days of the verdict, was not a timely motion to extend the time to appeal under Rule 606(b); to hold otherwise would render the term "timely" in 606(b) meaningless). Since the notice of appeal was untimely, we lack jurisdiction over the appeal.

¶ 14                                    CONCLUSION

¶ 15    Appeal dismissed.

5

¶ 16    Dismissed.