2019 IL App (2d) 170257
No. 2-17-0257
Opinion filed June 19, 2019

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 16-DV-1577 |
| ROBERT IBRAHIM ORAHIM, | ) ) ) | Honorable Jeffrey S. MacKay, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE SPENCE delivered the judgment of the court, with opinion.
Justice Schostok concurred in the judgment and opinion.
Justice McLaren concurred in part and dissented in part, with opinion.

**OPINION**

¶ 1    Defendant, Robert Ibrahim Orahim, pleaded guilty to aggravated assault (720 ILCS 5/12-2(c)(1) (West 2016)) and violation of an order of protection (*id.* § 12-3.4(a)(1)).   On January 6, 2017, he was sentenced to two years' probation.   On January 31, 2017, he moved to reconsider his sentence.   The trial court denied that motion on February 16, 2017.   On February 21, 2017, defendant moved to withdraw his plea.   The trial court denied that motion on April 5, 2017. Defendant filed a notice of appeal the next day.   On appeal, defendant's attorney moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967), and *People v. Jones*, 38 Ill. 2d 384 (1967), arguing that the trial court lacked jurisdiction of defendant's motion to withdraw his plea and that this court lacks jurisdiction to reach the merits of his appeal.   We agree.   Accordingly,

we vacate the trial court's denial of defendant's motion to withdraw his plea, and we dismiss that motion. See *People v. Bailey*, 2014 IL 115459, ¶ 29.

¶ 2    "[A]n appeal is perfected by the timely filing of a notice of appeal, and it is this step which vests the appellate court with jurisdiction." *In re J.T.*, 221 Ill. 2d 338, 346 (2006). Under Illinois Supreme Court Rule 606(b) (eff. July 1, 2017), a notice of appeal is timely if it is filed "within 30 days after the entry of the final judgment appealed from or[,] if a motion directed against the judgment is timely filed, within 30 days after the entry of the order disposing of the motion." The final judgment in a criminal case is the sentence. *People v. Caballero*, 102 Ill. 2d 23, 51 (1984). A motion to reconsider the sentence or a motion to withdraw a plea is timely if it is filed within 30 days after the sentence. Ill. S. Ct. R. 604(d) (eff. July 1, 2017). Here, within 30 days after the sentence, defendant did not file a notice of appeal but did file a timely motion to reconsider the sentence. However, defendant did not file a notice of appeal within 30 days after the ruling on that motion; instead, he filed an untimely motion to withdraw his plea, and he filed a notice of appeal within 30 days after the ruling on *that* motion.

¶ 3    As defendant's attorney asserts, the trial court lacked jurisdiction of defendant's motion to withdraw his plea, and we lack jurisdiction to reach the merits of his appeal. The controlling case is *Sears v. Sears*, 85 Ill. 2d 253 (1981).[1] There, two cases were consolidated. In one, the trial court entered a final judgment on October 12. The plaintiff filed a motion directed against the judgment on November 13 (which was timely because the thirtieth day after the judgment was a Saturday). The trial court denied that motion two days later. The plaintiff then filed a successive

---

[1] Although *Sears* is a civil case, its holding applies equally to criminal cases. See *People v. Miraglia*, 323 Ill. App. 3d 199, 205-06 (2001).

motion on December 11.  The trial court granted that motion.  On appeal, the appellate court held that the trial court lacked jurisdiction of the successive motion.  *Id.* at 257.

¶ 4      The supreme court affirmed the appellate court.  The supreme court observed that a timely motion "not only extends the circuit court's jurisdiction, but also extends the appellate court's potential jurisdiction, the time within which a notice of appeal may be filed, until 30 days after the motion is denied."  *Id.* at 258.  The plaintiff's successive motion, however, was *not* timely, and thus it "did not extend the time for appeal or renew the circuit court's jurisdiction."  *Id.* at 260.

¶ 5      Under *Sears*, defendant's timely motion to reconsider his sentence extended both the trial court's jurisdiction and his time to appeal.  However, when the trial court ruled on that motion, its jurisdiction lapsed, and defendant's untimely motion to withdraw his plea did not renew the trial court's jurisdiction or extend his time to appeal.  Defendant had to file a notice of appeal within 30 days after the ruling on his motion to reconsider his sentence.  Because he did not, his notice of appeal was untimely.

¶ 6      The State argued to the trial court that, because defendant's motion to withdraw his plea was filed more than 30 days after the judgment, the court had no jurisdiction of it.  The trial court disagreed, indicating that it had jurisdiction of the motion to withdraw the plea because defendant filed it within 30 days after the ruling on the motion to reconsider the sentence.  In fairness, this court has sustained that view.  In *In re Marriage of Agustsson*, 223 Ill. App. 3d 510 (1992), we interpreted *Sears* as holding only that such a successive motion does not extend the time to appeal, *not* that a trial court lacks jurisdiction of the motion.  See *id.* at 516-17; see also *People v. Walker*, 395 Ill. App. 3d 860, 869 (2009) (under *Agustsson*, "the bar on successive postjudgment motions does not affect the jurisdiction of the trial court, but rather is a limit on the time for appeal"); *People v. Serio*, 357 Ill. App. 3d 806, 817 (2005) (under *Agustsson*, "The *trial court* has

jurisdiction to rule on a successive postjudgment motion where the successive motion is filed within 30 days of the final disposition of the preceding postjudgment motion. Jurisdiction vests in the *appellate court* when the trial court disposes of the successive motion and a notice of appeal is filed within 30 days of the denial of the first motion \*\*\*." (Emphases in original.)). But in *Agustsson* we simply misinterpreted *Sears*. As we note here, the supreme court held that the plaintiff's successive motion "did not extend the time for appeal *or renew the circuit court's jurisdiction*." (Emphasis added.) *Sears*, 85 Ill. 2d at 260. Clearly, then, the trial court here lacked jurisdiction of defendant's successive motion.

¶ 7 Crucial to our holding, we observe, is the fact that defendant's successive motion was filed more than 30 days after the judgment. The *Sears* court specifically limited its holding to that circumstance. *Id.* at 259. This court has extended that holding to the circumstance in which the successive motion is filed *within* 30 days after the judgment. See *Benet Realty Corp. v. Lisle Savings & Loan Ass'n*, 175 Ill. App. 3d 227, 231-32 (1988); see also *Illinois State Toll Highway Authority v. Gary-Wheaton Bank*, 203 Ill. App. 3d 672, 677 (1990) ("Where multiple post-trial motions are filed within 30 days of the court's final judgment, but where the second post-trial motion is filed only after the first post-trial motion was denied, the trial court still does not have jurisdiction to hear the second post-trial motion."). As we do not confront that circumstance here, we need not assess the validity of that application of *Sears*.

¶ 8 We also wish to explicitly distinguish *People v. Salem*, 2016 IL 118693. There, in each of two cases, "[the] defendant filed a motion for new trial more than 30 days after the jury returned the guilty verdict, but *less than 30 days after [the] defendant was sentenced*." (Emphasis added.) *Id.* ¶ 1. The supreme court held that, because a motion for a new trial must be filed within 30 days after the return of a verdict (725 ILCS 5/116-1(b) (West 2014)), the defendant's motion was

untimely and did not extend the time to appeal. In arguing otherwise, the defendant cited *People v. Talach*, 114 Ill. App. 3d 813 (1983), and *People v. Gilmore*, 356 Ill. App. 3d 1023 (2005), which applied *Talach*. The supreme court noted that, pursuant to those decisions, although the defendant's motion did not extend the time to appeal, the trial court had jurisdiction of it: " '[t]he trial court still retain[ed] jurisdiction after 30 days from the entry of the verdict because the final judgment in a criminal case is the pronouncement of sentence.' " *Salem*, 2016 IL 118693, ¶ 13 (quoting *Talach*, 114 Ill. App. 3d at 818). Thus, under *Salem*, a trial court has jurisdiction of an untimely motion when it otherwise has jurisdiction of the case.[2] That was not the situation in *Sears*, and it is not the situation here.

---

[2] Although the *Salem* court broadly stated that *Talach* and *Gilmore* "demonstrate that the trial court has jurisdiction to consider untimely motions" (*Salem*, 2016 IL 118693, ¶ 13), we must limit that statement to its context. See *People v. Trimarco*, 364 Ill. App. 3d 549, 556 (2006) (McLaren, J., dissenting) ("[A] judicial opinion must be read as applicable only to the facts involved, and it is an authority *only for what is actually decided*." (Emphasis in original.)). In approving *Talach* and *Gilmore*, the *Salem* court was necessarily holding only that a trial court has jurisdiction of an untimely motion when it otherwise has jurisdiction of the case. See *Gilmore*, 356 Ill. App. 3d at 1036 ("[T]he [*Talach*] court merely held that a trial court may consider an untimely posttrial motion so long as the court retains jurisdiction over the cause."). The *Salem* court was *not* holding that a trial court has jurisdiction of *all* untimely motions. Indeed, the *Salem* court also recognized the continued viability of the "revestment doctrine." *Salem*, 2016 IL 118693, ¶ 8. Under that doctrine, the parties may "revest" a trial court with jurisdiction of an untimely motion. See generally *Bailey*, 2014 IL 115459 (addressing whether trial court was revested with jurisdiction of motion to vacate plea and sentence filed more than three years after

¶ 9      In his partial dissent, Justice McLaren asserts that, although defendant's motion to withdraw his plea did not extend his time to appeal, it did extend the trial court's jurisdiction. According to Justice McLaren, *Sears*'s limitation on a trial court's jurisdiction was abrogated by the supreme court's later recognition—in a line of cases beginning with *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514 (2001)—that trial courts, irrespective of any statutory authority, "have original jurisdiction of all justiciable matters."   Ill. Const. 1970, art. VI, § 9.   However, a decade after deciding *Steinbrecher*, the supreme court acknowledged that the constitution's grant of "jurisdiction of all justiciable matters" is not a grant of *infinite* jurisdiction in any individual case:

> "Article VI, section 9, of the Illinois Constitution confers upon circuit courts jurisdiction over all justiciable matters.   [Citation.]   ***   However, once cases are heard and determined, '[t]he jurisdiction of trial courts to reconsider and modify their judgments is not indefinite.'   [Citation.]   Generally, [*i.e.*, unless a timely motion directed against the judgment is filed,] a circuit court loses jurisdiction to vacate or modify its judgment 30 days after entry of judgment.   [Citations.]"   *People ex rel. Alvarez v. Skryd*, 241 Ill. 2d 34, 40 (2011).

Thus, *Steinbrecher* and its progeny did nothing to disturb *Sears*.   Although a trial court's jurisdiction is constitutional, that jurisdiction still expires.   See also *Hawes v. Luhr Brothers, Inc.*, 212 Ill. 2d 93, 107 (2004) ("Since plaintiff's motion to vacate was made within the 30-day period allowed by section 2-1203 of the Code, the trial court had jurisdiction to hear and decide it."); *Brewer v. National R.R. Passenger Corp.*, 165 Ill. 2d 100, 105 (1995) ("A trial court retains

---

judgment).   If a trial court already had jurisdiction of *all* untimely motions, there would be no need for the parties to revest it.

jurisdiction over a cause for 30 days after entry of a final order or judgment."); *People v. Harris*, 2016 IL App (1st) 141778, ¶ 19 ("We find the trial court lost jurisdiction over this matter 30 days after it denied defendant's motion to vacate \*\*\*. After that date, the trial court did not have jurisdiction to rule on defendant's motion to refile and reinstate."). It is true that the trial court here had constitutional jurisdiction of the justiciable matter in this case. But it is *also* true that, once the trial court entered its final judgment on that matter and ruled on defendant's timely motion to reconsider his sentence, it could not exercise jurisdiction of defendant's untimely motion to withdraw his plea.

¶ 10    Justice McLaren also cites Illinois Supreme Court Rule 303(a)(2), which currently provides that "[n]o request for reconsideration of a ruling on a postjudgment motion will toll the running of the time within which a notice of appeal must be filed." Ill. S. Ct. R. 303(a)(2) (eff. July 1, 2017). Suffice to say that we see nothing in that rule to suggest *any* intent as to a trial court's jurisdiction, let alone an intent to overrule *Sears*.

¶ 11    Finally, Justice McLaren asserts that, even if *Sears* is still good law, it holds that a trial court lacks jurisdiction of a successive motion only when the motion raises issues that were or could have been raised in the original motion. To be sure, the *Sears* court cited a policy concern against repetitive motions. *Sears*, 85 Ill. 2d at 258 (citing *Deckard v. Joiner*, 44 Ill. 2d 412 (1970)). But the court's holding was in no way limited to that particular concern: "A motion not filed within 30 days after the judgment (or any extension allowed) is not 'timely' \*\*\*; and an untimely motion \*\*\* neither stays the judgment [(*i.e.*, continues the trial court's jurisdiction to alter that judgment)] nor extends the time for appeal." *Id.* at 259. Thus, a trial court's jurisdiction of a motion is controlled by its *timing*, not merely its *content*. The opposite strikes us as flatly absurd.

¶ 12    In sum, the trial court lacked jurisdiction of defendant's motion to withdraw his plea, and we lack jurisdiction to reach the merits of his appeal.[3]   However, under *Bailey*, 2014 IL 115459, ¶ 29, we nevertheless have the "limited" jurisdiction to vacate the trial court's ruling on the motion and to dismiss the motion.   That, accordingly, is what we do.[4]

¶ 13    Order vacated; motion dismissed.

¶ 14    JUSTICE McLAREN, concurring in part and dissenting in part:

¶ 15    I concur as to the dismissal of this appeal.   The time to appeal expired because the successive posttrial motion did not stay the appeal time, and therefore, the notice of appeal was late.   See Ill. S. Ct. R. 303(a)(2) (eff. July 1, 2017).   However the majority then goes on to vacate the trial court's denial of defendant's motion to withdraw his plea.   In reaching that decision, the majority relies on an outmoded concept of jurisdiction that has not been followed in this state since at least 2001.   Further, even the majority's application of the outmoded case law is faulty.   I believe that the trial court had jurisdiction to rule on the motion, and therefore, I dissent from that portion of the majority opinion.

---

[3] As defendant's attorney observes, these merits would include any otherwise reviewable violation of Rule 605(b) or 604(d) (Ill. S. Ct. R. 605(b) (eff. Oct. 1, 2001); R. 604(d) (eff. July 1, 2017)).   See *J.T.*, 221 Ill. 2d at 346.

[4] Justice McLaren takes issue with our citing *Bailey* to vacate the trial court's denial of the motion when, under *Sears*, the motion "must be denied."   *Sears*, 85 Ill. 2d at 259.   The *Sears* court made clear, however, that the motion "must be denied" *for lack of jurisdiction*.   (Under *Bailey*, such a denial is more properly deemed a "dismissal.")   Here, by contrast, the court denied the motion *on the merits*.   That ruling thus did not accord with either *Bailey* or *Sears*.

¶ 16   The majority cites *Sears* as the controlling authority for its holding and *ratio decidendi* that the trial court lacked jurisdiction to consider the merits of the motion.   It also cites *Bailey* as the basis for vacating the trial court's order of denial rather than simply dismissing the appeal.[5]   I believe that a quartet of cases, along with the amendment of Rule 303, has rendered *Sears* obsolete with regard to the issue of jurisdiction in general and to its application to successive postjudgment motions specifically.   The first case in the quartet is *Steinbrecher*, 197 Ill. 2d 514, followed by *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325 (2002), then *LVNV Funding, LLC v. Trice*, 2015 IL 116129, and culminating in *People v. Castleberry*, 2015 IL 116916.   Because *Sears* is obsolete, the vacation of the order as prescribed by *Bailey* is inapt.

¶ 17   It is important to note that *Sears* based its holding that the trial courts lost jurisdiction to rule on the successive posttrial motions on the lack of authorization to deal with such a motion in either the Civil Practice Act or supreme court rules.   *Sears*, 85 Ill. 2d at 258-60.   This is the "lack of inherent authority" argument, which contends that failure to follow statutory procedures divests the court of jurisdiction and renders a resulting order "void."   See *Steinbrecher*, 197 Ill. 2d at 529. However, as our supreme court explained:

> "*Steinbrecher* noted that a 1964 constitutional amendment significantly altered the basis of circuit court jurisdiction, granting circuit courts 'original jurisdiction of all justiciable matters, and such powers of review of administrative action as may be provided by law.'   Ill. Const. 1870, art. VI (amended 1964), § 9.   The current Illinois Constitution, adopted in 1970, retained this amendment and provides that 'Circuit Courts shall have

---

[5] The majority fails to distinguish that, in *Bailey*, revestment was attempted three years after the case was closed.   The majority does not distinguish between less than 30 days from the last order entered *vis-à-vis* three years of closure.

original jurisdiction of all justiciable matters' and that 'Circuit Courts shall have such power to review administrative action as provided by law.' Ill. Const. 1970, art. VI, § 9. *Steinbrecher* reasoned that, because circuit court jurisdiction is granted by the constitution, it cannot be the case that the failure to satisfy a certain statutory requirement or prerequisite can deprive the circuit court of its 'power' or jurisdiction to hear a cause of action. *Steinbrecher*, 197 Ill. 2d at 529-32.

In so holding, *Steinbrecher* emphasized the difference between an administrative agency and a circuit court. An administrative agency, *Steinbrecher* observed, is a purely statutory creature and is powerless to act unless statutory authority exists. *Id.* at 530 (citing *City of Chicago v. Fair Employment Practices Comm'n*, 65 Ill. 2d 108, 112 (1976)). A circuit court, on the other hand, 'is a court of general jurisdiction, which need not look to the statute for its jurisdictional authority.' *Id.* Thus, *Steinbrecher* concluded that the ' "inherent power" requirement applies to courts of limited jurisdiction and administrative agencies' but not to circuit courts. *Id.*" (Emphasis omitted.) *LVNV Funding*, 2015 IL 116129, ¶¶ 30-31.

I am unaware of any authority, and the majority has not cited any, that even implies that a supreme court rule may amend the Illinois Constitution and somehow alter the general jurisdiction of trial courts to something less than subject matter jurisdiction combined with personal jurisdiction.

¶ 18    *Steinbrecher* was reaffirmed in *Belleville Toyota*, 199 Ill. 2d 325, which "reasoned that a statutory requirement or prerequisite cannot be jurisdictional, since jurisdiction is conferred on the circuit courts by our state constitution." *LVNV Funding*, 2015 IL 116129, ¶ 34. *Belleville Toyota* also stated:

"Simply stated, 'subject matter jurisdiction' refers to the power of a court to hear and determine cases of the general class to which the proceeding in question belongs. [Citations.]  With the exception of the circuit court's power to review administrative action, which is conferred by statute, a circuit court's subject matter jurisdiction is conferred entirely by our state constitution.  [Citations.]  Under section 9 of article VI, that jurisdiction extends to all 'justiciable matters.'  Ill. Const. 1970, art. VI, § 9.  Thus, in order to invoke the subject matter jurisdiction of the circuit court, a plaintiff's case, as framed by the complaint or petition, must present a justiciable matter.  See *People ex rel. Scott v. Janson*, 57 Ill. 2d 451, 459 (1974) (if a complaint states a case belonging to a general class over which the authority of the court extends, subject matter jurisdiction attaches); *Western Tire*, 32 Ill. 2d at 530 (the test of the presence of subject matter jurisdiction is found in the nature of the case as made by the complaint and the relief sought); *Ligon v. Williams*, 264 Ill. App. 3d 701, 707 (1994) (court's authority to exercise its jurisdiction and resolve a justiciable question is invoked through the filing of a complaint or petition)."  *Belleville Toyota*, 199 Ill. 2d at 334-35.

It is uncontested that a motion to withdraw a guilty plea is a justiciable matter in a criminal proceeding where, in fact, the defendant pled guilty.

¶ 19    Applying the holdings in *Steinbrecher* and *Belleville Toyota*, the supreme court in *LVNV Funding* held:

"A void judgment is one entered by a court without jurisdiction.  In a civil lawsuit that does not involve an administrative tribunal or administrative review, jurisdiction consists solely of subject matter or personal jurisdiction.  Subject matter jurisdiction is defined solely as the power of a court to hear and determine cases of the general class to which the

proceeding in question belongs. There is no third type of jurisdiction known as the 'inherent power' to render a judgment." *LVNV Funding*, 2015 IL 116129, ¶ 39. The court, in analyzing *Belleville Toyota*, further noted that "the failure to comply with a statutory requirement or prerequisite does not negate the circuit court's subject matter jurisdiction or constitute a nonwaivable condition precedent to the circuit court's jurisdiction." *Id.* ¶ 37.

¶ 20 The supreme court extended this analysis to criminal cases in *Castleberry*, 2015 IL 116916, where the court abolished the "void sentence rule," which provided that "[a] sentence which does not conform to a statutory requirement is void." (Internal quotation marks omitted.) *Id.* ¶ 1. In *Castleberry*, the defendant argued that "the logic employed in decisions such as *Steinbrecher*, *Belleville Toyota* and *LVNV* cannot be limited solely to civil cases and that whether a circuit court complies with a statutory sentencing requirement in a criminal proceeding is irrelevant to the question of jurisdiction." *Id.* ¶ 16. The supreme court agreed, stating:

"Because 'a circuit court is a court of general jurisdiction, which need not look to the statute for its jurisdictional authority' (*Steinbrecher*, 197 Ill. 2d at 530), the void sentence rule is constitutionally unsound. Accordingly, the void sentencing rule is hereby abolished." *Id.* ¶ 19.

¶ 21 The supreme court then summed up this line of cases in *People v. Price*, 2016 IL 118613:

"This court has recognized only three circumstances in which a judgment will be deemed void: (1) where the judgment was entered by a court that lacked personal or subject-matter jurisdiction, (2) where the judgment was based on a statute that is facially unconstitutional and void *ab initio*, and (3) where a judgment of sentence did not conform to a statutory requirement (the void sentence rule). *Thompson*, 2015 IL 118151, ¶¶ 31-33.

*Castleberry* eliminated the third type of void judgment, thus narrowing the universe of judgments subject to attack in perpetuity." *Id.* ¶ 31.

¶ 22 This line of supreme court authority makes it abundantly clear that a trial court's jurisdiction over a matter is not dependant on statutory authority. *Sears*'s "lack of authorization" basis for determining that the trial courts had no jurisdiction to consider the successive posttrial motions is no longer good law (if it ever was) and cannot be applied in this case. The trial court here had both personal jurisdiction over the parties and subject matter jurisdiction ("the power of a court to hear and determine cases of the general class to which the proceeding in question belongs" (*LVNV Funding*, 2015 IL 116129, ¶ 39)). The trial court lacked nothing, and the majority here errs in applying out-of-date and overruled law. Simply put, the majority conflates lack of appellate jurisdiction due to an expired filing deadline and the ability of a trial court to entertain justiciable matters while the case still pends before it. The majority fails to explain how the case does *not* pend for 30 days after the denial of the initial postjudgment motion. If the denial of a postjudgment motion may allow the filing of an appeal, how can it not allow the filing of a motion covering a justiciable matter in the trial court? Apparently, the majority deals with this patent anomaly by describing (for the first time) a "lapse" in the trial court's jurisdiction.[6]

¶ 23 The majority claims that this line of cases "did nothing to disturb *Sears*." *Supra* ¶ 9. Yet these cases did away with the very basis relied upon by *Sears* to find a lack of jurisdiction.

---

[6] Curiously, a motion for sanctions pursuant to Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018) is deemed a justiciable matter that may be filed (at a minimum) within 30 days of the denial of the postjudgment motion. See *infra* ¶¶ 37-38. The majority has created multiple realities wherein the trial court does or does not retain jurisdiction depending upon the type of the justiciable matter being filed.

Assuming, *arguendo*, that *Sears* was properly decided, its application here is improper, as its *ratio decidendi* has been abolished by recent supreme court case law.

¶ 24     The majority's reliance on *Sears* is also undermined by changes in supreme court rules. Again, it is important to note that *Sears* based its holding that the trial courts had no jurisdiction to rule on the successive posttrial motions on the lack of authorization to deal with such a motion in either the Civil Practice Act or supreme court rules. *Sears*, 85 Ill. 2d at 258-60. The majority conceals this aspect of the court's ruling when it quotes from *Sears*:

> " 'A motion not filed within 30 days after the judgment (or any extension allowed) is not 'timely' ***; and an untimely motion *** neither stays the judgment [(*i.e.*, continues the trial court's jurisdiction to alter that judgment)] nor extends the time for appeal.' *Id.* at 259." *Supra* ¶ 11.

The first set of ellipses deletes the phrase "within the meaning of that word *as used in Rule 303(a)*." (Emphasis added.) *Sears*, 85 Ill. 2d at 259. When the supreme court issued its opinion in *Sears* (June 4, 1981), Rule 303(a) provided in relevant part[7]:

> "Except as provided in paragraph (b) below, the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely post-trial motion directed against the judgment is filed, whether in a jury or a

---

[7] Although a rule regarding civil appeals, Rule 303(a) has been used as a guide in analyzing criminal appeals. See *People v. Willoughby*, 362 Ill. App. 3d 480, 483-84 (2005) (discussing *Chand v. Schlimme*, 138 Ill. 2d 469 (1990)); *People v. Hook*, 248 Ill. App. 3d 16, 17 (1993) (discussing *People v. Whigam*, 202 Ill. App. 3d 252 (1990)); *People v. Jackson*, 239 Ill. App. 3d 165, 168-69 (1992) (McCullough, J., dissenting). Further, the majority states that *Sears*, a civil case involving rules of civil appeal, applies here. See *supra* ¶ 3 n.1.

nonjury case, within 30 days after the entry of the order disposing of the motion." Ill. S.

Ct. R. 303(a) (eff. Oct. 15, 1979).

The rule made no mention at all regarding either successive posttrial motions or motions for reconsideration that do not stay the appeal time. However, effective October 1, 1983, Rule 303 was extensively amended to provide in relevant part:

"No request for reconsideration of a ruling on a post-trial motion will toll the running of the time within which a notice of appeal must be filed under this rule." Ill. S. Ct. R. 303(a)(2) (eff. Oct. 1, 1983).

¶ 25    Thus, shortly after the supreme court issued its opinion in *Sears*, it amended its own rules to, for the first time, directly acknowledge the existence of a successive posttrial motion. The court did not prohibit successive posttrial motions or limit their use; the court merely advised of a potential consequence of the use of successive posttrial motions *vis-à-vis* the time within which a notice of appeal must be filed. Thus, *Sears*'s reliance on the "lack of inherent authority" basis for a lack of jurisdiction (also since eliminated by the *Steinbrecher* line of cases (see *supra* ¶¶ 17-23)) was undermined by the amendment of Rule 303, yet the majority here fails to even address this change, inappropriately applying *Sears* and the outdated version of the rule upon which *Sears*'s rationale is based.

¶ 26    The majority additionally engrafts the filing deadlines contained in *Sears*'s interpretation of Rule 303(a) *into* Rule 303(a)(2) despite the fact that Rule 303(a)(2) specifically addresses motions to reconsider postjudgment motions. *Sears* stated that "[a] second post-judgment motion (at least if filed more than 30 days after judgment) is not authorized by either the Civil Practice Act or the rules of this court and must be denied." *Sears*, 85 Ill. 2d at 259. The amended Rule 303(a)(2) clearly acknowledged the existence of motions to reconsider postjudgment motions.

The majority fails to reconcile the intuitive reality that filing a motion for reconsideration pursuant to Rule 303(a)(2) requires prescience if it is to be filed before the initial postjudgment motion is decided. I submit that, in reality, dispositions of initial postjudgment motions occur, on average, more than 30 days from the date of the entry of the *final judgment*, despite what the majority has required.

¶ 27 The majority declines to actually address this change, brushing the issue aside with a one-sentence comment that "we see nothing in that rule to suggest *any* intent as to a trial court's jurisdiction, let alone an intent to overrule *Sears*." (Emphasis in original.) *Supra* ¶ 10. I imagine that it would be difficult to see if you intentionally overlook what *Sears* and Rule 303 actually said. I also note that it is "a cardinal rule of statutory construction that significance and effect should be accorded every paragraph, sentence, phrase and word of a statute and that it should, if possible, be construed so that no sentence, clause or word is rendered superfluous or meaningless." *People v. Brown*, 157 Ill. App. 3d 61, 64 (1987). The same principles of statutory construction apply to interpreting supreme court rules. *People v. Geiler*, 2016 IL 119095, ¶ 17. It is difficult to believe that the amended rule has so little significance that it is not entitled to an interpretation that will recognize that the supreme court added an ameloriative motion in Rule 303(a)(2) that would enable trial courts to correct errors while not tolling the time to appeal. Even more confusing is why would the time for filing a motion for reconsideration not commence upon the denial of the postjudgment motion? Is that not axiomatic? Would not a motion for reconsideration, in order to "reconsider," require a disposition of the initial postjudgment motion?

¶ 28 Even if *Sears* were still good law, the majority's analysis of it would be flawed and its application of it erroneous. The majority quotes from *Sears* that a timely motion " 'not only extends the circuit court's jurisdiction, but also extends the appellate court's potential jurisdiction,

the time within which a notice of appeal may be filed, until 30 days after the motion is denied.' *Id.* at 258." *Supra* ¶ 4. Yet, one paragraph later, the majority asserts that, pursuant to *Sears*, when the trial court here ruled on defendant's motion to reconsider sentence, "its jurisdiction lapsed, and defendant's untimely motion to withdraw his plea did not renew the trial court's jurisdiction or extend his time to appeal." *Supra* ¶ 5.

¶ 29     First, I note that *Sears* never used the terms "lapse" or "lapsed." What does the majority mean by "lapsed"? The majority fails to even provide a citation to support the existence of such a concept.

¶ 30     The majority clearly misinterprets the quoted material from *Sears*. *Supra* ¶ 5. The majority reads that to mean that a timely postjudgment motion does not extend the circuit court's jurisdiction "until 30 days after the motion is denied," but extends only "the time within which a notice of appeal may be filed." Such a reading makes no sense. Trial courts normally retain jurisdiction for 30 days after the last action taken by them. "We acknowledge that, as a general matter, a 'trial court retains jurisdiction to reconsider judgments and orders within 30 days of their entry.' " *Dus v. Provena St. Mary's Hospital*, 2012 IL App (3d) 091064, ¶ 14 n.2 (quoting *Workman v. St. Therese Medical Center*, 266 Ill. App. 3d 286, 291-92 (1994)); see also *People v. Heil*, 71 Ill. 2d 458, 461 (1978); *Weilmuenster v. H.H. Hall Construction Co.*, 72 Ill. App. 3d 101, 105 (1979). Nowhere does the majority attempt to explain how this claimed "lapsed" jurisdiction can coexist with, let alone overrule, this basic rule of law.

¶ 31     In *People v. Kibbons*, 2016 IL App (3d) 150090, the defendant entered a negotiated plea of guilty and was subsequently sentenced to the agreed-upon cap of eight years in prison. Within 30 days of sentencing, the defendant filed a motion to reconsider sentence, which was denied on October 18, 2013. On November 15, 2013, the defendant filed a motion to withdraw his plea or,

in the alternative, to reconsider his sentence and for extended time to file an appeal, based on an alleged conflict of interest on the part of the state's attorney. *Id.* ¶ 7. Various additional motions were allowed until the trial court finally struck the defendant's motion alleging a conflict of interest on January 16, 2015. A notice of appeal was filed on February 6, 2015. *Id.*

¶ 32   The appellate court noted that, pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2017), the defendant had incorrectly filed a motion to reconsider instead of a motion to withdraw his plea of guilty; however, even though he filed the wrong motion, "it was a timely motion directed against the judgment and tolled the time for appeal under Rule 606(b)." *Kibbons*, 2016 IL App (3d) 150090, ¶ 12. The court then noted that the "correct" motion to withdraw the guilty plea, filed within 30 days of the denial of the timely motion to reconsider sentence but more than three months after sentence was imposed, "was filed *while the trial court still had jurisdiction*." (Emphasis added.) *Id.* ¶ 13. The timely first motion extended the trial court's jurisdiction, not just the time for appeal, for 30 days after the denial of the motion. However, "[w]hile that motion [to withdraw the plea] was filed while the trial court still had jurisdiction, it was not a timely motion under Rule 606(b)," such that the notice of appeal, filed after the motion to withdraw was denied, "was untimely, [and] we lack jurisdiction over the appeal." *Id.* This outcome tracks Rule 303(a)(2) in that the second motion did not toll the running of the time within which a notice of appeal must be filed. See *supra* ¶¶ 24-25. I also note that, while the appellate court dismissed the appeal, it did not vacate the trial court's denial of the defendant's motion to withdraw his plea and dismiss that motion.

¶ 33   Similarly, in *People v. Johnson*, 2017 IL App (4th) 160853, the defendant entered an open plea of guilty and, after sentencing, filed a timely motion to reconsider sentence on July 17, 2014. This motion was denied on September 3, 2014, and a notice of appeal was filed the next day. On

September 26, the trial court notified the parties of its intent to reconsider the denial of the motion to reconsider sentence. The appellate court allowed the defendant to dismiss the appeal, and on October 2, 2014, the trial court reconsidered its denial of the motion to reconsider and resentenced the defendant. The following day, October 3, the defendant filed a notice of appeal. *Id.* ¶ 21. The appellate court framed the jurisdictional question on appeal thusly:

> "We must determine whether the trial court had jurisdiction to enter the October 2, 2014, order where the court, on its own motion, reconsidered its previous denial of defendant's motion to reconsider his sentence. *That order was entered within 30 days of the denial of the motion to reconsider defendant's sentence—a period during which the court retains jurisdiction.*" (Emphasis added.) *Id.* ¶ 27.

¶ 34 In these cases, the appellate court recognized that the trial court retained jurisdiction within 30 days of the denial of the motion to reconsider sentence but more than three months after sentence was imposed (*Kibbons*, 2016 IL App (3d) 150090, ¶ 13) and "within 30 days of the denial of the motion to reconsider defendant's sentence" (*Johnson*, 2017 IL App (4th) 160853, ¶ 27).

¶ 35 What is most puzzling is that, in 2013, the author of the majority opinion held:

> "Defendant's notice of appeal was untimely, as he filed it not within 30 days of the denial of his motion directed against the judgment but within 30 days of the ruling on his motion to reconsider that denial, which motion to reconsider did not extend the time to appeal."
>
> *Federal National Mortgage Ass'n v. Wasti*, 2013 IL App (2d) 120495-U, ¶ 1.

The motion for reconsideration in that case was filed outside of 30 days from the date of the confirmation of sale but 13 days from the denial of the postjudgment motion. The appeal was dismissed, not because of a lack of jurisdiction in the trial court, but because of a lack of jurisdiction in the appellate court because the motion for reconsideration did not stay the time to

appeal. *Id.* ¶ 14. That is exactly how this appeal should have been decided. I submit that the majority should discuss *stare decisis* in order to reconcile the case law (including the nonprecedential *Federal National Mortgage Ass'n*) with the majority's new and novel holding and *ratio decidendi*. The majority's "lapsed jurisdiction" theory fails to deal with prior case law that contradicts the majority's counterintuitive conclusion that there are holes in the trial court's jurisdiction.

¶ 36 This theory also flies in the face of the practice of law as it actually occurs in the courtroom. For example, Rule 137, which allows for the imposition of sanctions for improper pleadings, provides in relevant part:

> "Motions brought pursuant to this rule must be filed within 30 days of the entry of final judgment, or *if a timely post-judgment motion is filed, within 30 days of the ruling on the post-judgment motion*." (Emphasis added.) Ill. S. Ct. R. 137(b) (eff. Jan. 1, 2018).

A motion for sanctions under Rule 137 "may be filed at any time during which the trial court has jurisdiction, *which extends 30 days past the date the last order or judgment was issued in the case*." (Emphasis added.) *Gaynor v. Walsh*, 219 Ill. App. 3d 996, 1002 (1991). A motion for Rule 137 sanctions is clearly part of the underlying case: "All proceedings under this rule shall be brought within the civil action in which the pleading *** has been filed" and "shall be considered a claim within the same civil action." Ill. S. Ct. R. 137(b) (eff. Jan. 1, 2018). Further, "[a] judgment or order is not final and appealable while a Rule 137 claim remains pending unless the court enters a finding pursuant to Rule 304(a)." Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017).

¶ 37 According to the majority, the trial court's jurisdiction "lapsed" under *Sears* when the trial court ruled on defendant's motion to reconsider. Yet, pursuant to Rules 137 and 303, a motion for sanctions may be filed within 30 days *after* the trial court ruled on a postjudgment motion and is

still part of the same action. How could a trial court consider a motion for Rule 137 sanctions filed up to 30 days after a ruling on a postjudgment motion when its jurisdiction supposedly "lapsed" when it ruled on the postjudgment motion?

¶ 38    The majority also fails to explain the status of a case once the trial court's jurisdiction has "lapsed." The jurisdiction of the appellate court attaches upon the proper filing of a notice of appeal. *Daley v. Laurie*, 106 Ill. 2d 33, 37 (1985). "Once the notice of appeal is filed, the appellate court's jurisdiction attaches instanter, and the cause of action is beyond the jurisdiction of the trial court." *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 173 (2011). The trial court denied defendant's motion to reconsider his sentence on February 16, 2017. As the majority states, that initial motion "extended both the trial court's jurisdiction and his time to appeal," and "[d]efendant had to file a notice of appeal within 30 days after the ruling" on that motion. *Supra* ¶ 5. Does the majority truly believe that, if defendant filed his notice of appeal 30 days after the ruling on his first motion, no court had jurisdiction over the case during those intervening 29 days of "limbo"? Is not the majority amending the filing deadlines of Rule 137 and the general concept of losing jurisdiction from lack of activity? Why, if the trial court's jurisdiction lapses when the court rules on a timely posttrial motion, is a cause "beyond the jurisdiction of the trial court" *only* upon the filing of the notice of appeal?

¶ 39    There is something glaringly wrong in the majority's interpretation and application of *Sears* in terms of characterizing jurisdiction and its subsequent loss. I submit that *Sears* was concerned with the juxtaposition of staying the time to appeal and the principle of revestment of jurisdiction in the trial court. The opinion in *Sears* opened with:

> "These consolidated cases involve successive post-judgment motions *which merely repeat what was set forth or could have been set forth in the first post-judgment motion.*

The questions they raise are whether the circuit court can allow such a motion and whether filing one *extends the time for appeal*." (Emphases added.) *Sears*, 85 Ill. 2d at 256.

The court described Sears v. Sears as "an example of endless matrimonial litigation" and the successive motion that was the subject of the appeal as "making the same argument [as the first motion] in more detail." *Id.* The successive motion in the consolidated case (Draftz v. Park, Davis & Co.) was described as "little more than a slightly lengthened redraft of the first." *Id.* at 257.

¶ 40    *Sears* concluded that the judgments in the cases consolidated for appeal, one denying and one granting relief, were unauthorized by either the Civil Practice Act (specifically paragraphs 50(5), 68.1, and 68.3 (Ill. Rev. Stat. 1979, ch. 110, ¶¶ 50(5), 68.1, 68.3 (now 735 ILCS 5/2-1301(e), 2-1202, 2-1203 (West 2016)))) or supreme court rules. *Sears*, 85 Ill. 2d at 258-60. The court was less precise later, stating, "[W]e reaffirm the rule of *Deckard* that successive post-judgment motions are impermissible when the second motion is filed more than 30 days after the judgment or any extension of time allowed for the filing of the post-judgment motion" (*id.* at 259), making no reference to repetition or the ability to have raised the issue previously. However, the court later again raised *Deckard*'s concerns as to repetition and issues that could have been raised in the initial postjudgment motion, positing that "justice is not served by permitting the losing party to string out his attack on a judgment over a period of months, one argument at a time, or to make the first motion a rehearsal for the real thing the next month." *Id.*

¶ 41    The majority finds the *Sears* court's description of the facts of the cases consolidated before it to be a mere citation to "a policy concern against repetitive motions." *Supra* ¶ 11. However, *Sears* cited *Deckard*, 44 Ill. 2d 412, for the "principles that govern the procedural status presented by these cases," which the court described thusly:

"There [(*Deckard*)] this court held that a second post-judgment motion, filed more than 30 days after judgment but within 30 days of the denial of the first motion, *that only repeats what was in the first motion or raises points that could have been raised the first time* does not extend the time for appeal." (Emphasis added.) *Sears*, 85 Ill. 2d at 258.

The repetitive nature of the motions was central to the cases in both *Deckard* and *Sears*. It was not a mere comment on policy, yet the majority fails to consider the context as such.

¶ 42 The narrow premise of *Sears* was recognized in *Aetna Life Insurance Co. v. H.W. Stout & Associates, Inc.*, 112 Ill. App. 3d 570 (1983). There, the appellate court pointed out the "general rule that a second post-trial motion does not operate to extend the time for filing a notice of appeal." *Id.* at 575. However, the court then determined that the time to appeal *was* stayed by the second posttrial motion because the case fit the exception to the general rule, *i.e.*, "the issues raised in the second post-trial motion *could not have been raised in the first one*." (Emphasis added.) *Id.* By definition, the issues raised in the second motion were not repetitive.[8]

¶ 43 On its face, *Sears* holds the lack of jurisdiction *only* in the situation that it narrowly described. The court's holdings, *ratio decidendi*, and policy statements were based on and limited to this narrow premise. The majority here dismisses this limited premise without analysis. Until the majority determines that the narrow premise, rather than the exceptions, applies, it has prematurely and inappropriately determined a lack of jurisdiction according to *Sears*. Likewise, it has prematurely decided that the trial court's order of denial should be vacated under *Bailey*.

---

[8] I note that the decision in *Aetna* was issued seven months before the amendment to Rule 303 took effect and could not have applied the amendment. The amendment rendered obsolete the exception in *Sears* that arose in *Aetna*.

¶ 44   The majority also fails to acknowledge or address the required action of the trial court pursuant to *Sear*s and thereby creates a paradox.   According to *Sears*, "[a] second post-judgment motion (at least if filed more than 30 days after judgment) is not authorized by either the Civil Practice Act or the rules of this court and *must be denied*."   (Emphasis added.)   *Sears*, 85 Ill. 2d at 259.   The trial court here did deny defendant's motion to withdraw his guilty plea; yet the majority says that, according to *Bailey*, the trial court lacked jurisdiction to do what *Sears* says should have been done and vacates the very denial required by *Sears*.   The majority goes on to enlighten us that "[u]nder *Bailey*, such a denial is more properly deemed a 'dismissal.' "   *Supra* ¶ 12 n. 4.   I find it presumptuous for the majority to assume that the supreme court could not properly distinguish between "deny" and "dismiss."   In *Sears*, the court used some form of "deny" 12 times and some form of "dismiss" 7 times.   Every other use of "deny" involved action by the trial court.

¶ 45   Further, neither the supreme court nor the appellate court in the cases consolidated in *Sears* took the action that the majority claims the supreme court mandated.   Like the trial court here, the trial court in Sears v. Sears denied the second motion, and the appellate court dismissed the appeal as untimely.   *Sears*, 85 Ill. 2d at 256-57.   The trial court in Drafz granted the second motion; the appellate court reversed.   *Id.* at 257-58.   In neither case did the supreme court or the appellate court reach back into the trial court and dismiss the successive motion.   If that is what the supreme court supposedly said must be done, why did it not do it?

¶ 46   I believe that the supreme court understood the difference in meaning between the terms and used them as it meant.   I would be willing to certify this appeal to the supreme court so it could clarify what it meant.

¶ 47  Consistent with its overly broad, confusing, and incorrect interpretation of *Sears*, the majority criticizes *In re Marriage of Agustsson*, 223 Ill. App. 3d 510, and, indirectly, *Serio*, 357 Ill. App. 3d 806, and *Walker*, 395 Ill. App. 3d 860 (Second District cases relying on *Agustsson*), as having "simply misinterpreted *Sears*."  *Supra* ¶ 6.  I first must note that none of those cases had ever been the subject of negative treatment on Westlaw regarding this issue.  I submit that *Agustsson* clearly and properly interpreted *Sears* and is logical and in tune with Rule 303(a)(2) as it existed in 1992 and as it presently exists.  As I have demonstrated, it is the majority that misinterprets and misapplies *Sears*, both as to the majority's disregard of the repeal of "unauthorized at law" as a jurisdictional defect and with regard to changes in Rule 303(a)(2) over 35 years ago.

¶ 48  I also note that it has long been a policy that the trial court should be given the opportunity to correct or reconsider mistakes of both juries and judges, clarify its findings of fact and conclusions of law, or address other salient matters before a lengthy and costly appeal is taken.

> "The purpose of a post-trial motion is to give the trial court an opportunity to correct any errors in the trial and eliminate the necessity of appeal.  These errors are not infrequently made by the judge himself, and argument on the post-trial motion in such cases ordinarily requires presentation of essentially the same argument to the same judge.  I do not regard this as a completely meaningless exercise, however, since it does afford the judge an opportunity for a more deliberate consideration of the propriety of the action which he took originally amid the pressures of a jury trial."  *Keen v. Davis*, 38 Ill. 2d 280, 285 (1967) (Underwood, J., specially concurring).

This policy applies in both criminal and civil cases.  See *People v. Marker*, 233 Ill. 2d 158, 169 (2009); *Heil*, 71 Ill. 2d at 461 (the relevant statutes and supreme court rules "demonstrate the intent

that in criminal as well as civil matters the circuit court be given the opportunity to reconsider final appealable judgments and orders within 30 days of their entry"). In a similar vein, the purpose of forfeiting on appeal arguments not raised below is to "ensur[e] both that the trial court is given an opportunity to correct any errors prior to appeal and that a party does not obtain a reversal through his or her own inaction." *1010 Lake Shore Ass'n v. Deutsche Bank National Trust Co.*, 2015 IL 118372, ¶ 14.

¶ 49 A motion to reconsider a ruling on a posttrial motion under Rule 303(a)(2) is consistent with that policy, but it does not prolong the cause by staying the time to appeal. The movant, by filing a motion for reconsideration, is gambling that the motion to reconsider will realize better results than an appeal, since the appeal time will not be tolled (and will probably have expired months prior to the disposition of the motion for reconsideration). If the appeal time runs and the trial court denies relief, I submit that the probability of obtaining relief in the future via successive motions is less than the probability of the imposition of sanctions for frivolous, repetitious attempts and/or appeals. See Ill. S. Ct. R. 137 (eff. Jan. 1, 2018); R. 375 (eff. Feb. 1, 1994).

¶ 50 The majority's reliance on *Sears* as the basis for finding a lack of jurisdiction for the trial court to consider defendant's motion to withdraw his plea is manifestly erroneous. *Sears* was a confusing case to begin with, but its heyday was short-lived with the addition of section (a)(2) of Rule 303, and its efficacy was unambiguously ended with the supreme court's decisions in *Steinbrecher*, *Belleville Toyota*, *LVNV Funding*, and *Castleberry* that ended the "lack of inherent authority" jurisdictional question. The majority's reliance on *Sears*, without comment on or analysis of either this litany of cases or the amendment of Rule 303(a)(2) over 35 years ago, is enigmatic. The majority's analysis fails to explain how the holding in *Sears* has any application after the amendment of Rule 303 actually gave trial courts the "authority" that *Sears*'s narrow

holding asserted was necessary to entertain jurisdiction. Furthermore, the majority has failed to explain how it has *sub silencio* overruled several supreme court decisions that have narrowed the types of void judgments to two and only two (see *Price*, 2016 IL 118613, ¶ 31). Judicial restraint would suggest the majority not declare that *Sears* and *Bailey* have somehow avoided the reach of *Castleberry et al.* or added a third type of void order.

¶ 51 In conclusion, the majority opinion is based on outdated law, conflicts with numerous supreme court cases regarding jurisdiction, is internally contradictory, and proposes a strange theory of jurisdiction that is counterintuitive in light of the plethora of supreme court cases on point. The author has altered his interpretation of jurisdiction in a way that deserves an explanation. Simply put, the interpretation that the majority has formulated is neither practical nor reasonable.