**NOTICE:** This order was filed under Illinois Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (3d) 240158-U

Order filed February 27, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-24-0158 Circuit No. 19-CF-2088 |
| | ) | |
| CHARLES E. GALLOWAY, | ) ) | Honorable Derek W. Ewanic, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE PETERSON delivered the judgment of the court.
Justices Hettel and Anderson concurred in the judgment.

_____

**ORDER**

¶ 1      *Held*: (1) The court improperly dismissed defendant's motion to withdraw his guilty plea as untimely. (2) Defendant's convictions for aggravated domestic battery and domestic battery violate the one-act, one-crime doctrine.

¶ 2      Defendant, Charles E. Galloway, appeals the denial of the motion to withdraw his guilty plea arguing that the motion was timely filed and his convictions for aggravated domestic battery and domestic battery violate the one-act, one-crime doctrine. We (1) vacate the Will County circuit

court's dismissal of the motion to withdraw defendant's guilty plea, (2) vacate defendant's domestic battery conviction, and (3) remand for further proceedings.

¶ 3                                                    I. BACKGROUND

¶ 4        The State charged defendant with aggravated domestic battery (720 ILCS 5/12-3.3(a), (b) (West 2018)), aggravated battery (*id.* § 12-3.05(a)(1)), and domestic battery (*id.* § 12-3.2(a)(1)). On June 27, 2022, defendant entered an open plea to aggravated domestic battery and domestic battery, and the State dismissed the aggravated battery charge. The aggravated domestic battery charge alleged that defendant caused great bodily harm when he "struck Emosha Moore about the head," and the domestic battery charge alleged that defendant caused bodily harm when he "struck *** Moore about the head." On December 21, 2022, the court sentenced defendant to eight years' imprisonment for aggravated domestic battery and entered a judgment of conviction for domestic battery.

¶ 5        On January 19, 2023, private counsel filed a "Motion to Reconsider and/or Motion to Reduce the Sentence" requesting the court reconsider several factors in mitigation warranting a reduced sentence. Counsel did not file a Rule 604(d) certificate. On April 28, 2023, counsel informed the court that he was in the process of "amending and doing the post sentencing motions" following a timely filed motion. At that time, defendant stated his desire to discharge counsel as his attorney. The court allowed counsel to withdraw, found defendant indigent, and appointed the public defender.

¶ 6        On July 27 and August 15, 2023, defendant filed *pro se* motions to withdraw his guilty plea. Postplea counsel indicated that they intended to amend the motions to maintain compliance with Rule 604(d). The court granted the State's motion to hold defendant's motions to withdraw his guilty plea in abeyance until counsel decided whether they were going to adopt defendant's

2

claims. On November 16, 2023, postplea counsel filed an "Amended Motion to Reconsider Sentence Withdraw Plea of Guilty and Vacate Judgment." The motion adopted the claims asserted in plea counsel's motion to reconsider sentence and defendant's motions to withdraw his guilty plea. Postplea counsel also filed a Rule 604(d) certificate.

¶ 7 On January 16, 2024, the State filed a motion to dismiss defendant's motion to withdraw his guilty plea as untimely. At a hearing on the motion, the State argued that while defendant's motion to reconsider sentence was timely filed, defendant's *pro se* motion to withdraw his guilty plea raising separate issues of error was filed after the 30-day period. Postplea counsel continued to assert that defendant's motion to withdraw his plea was an amendment to plea counsel's timely filed motion to reconsider sentence. The court granted the State's motion to dismiss defendant's motion to withdraw his guilty plea and proceeded to a hearing on defendant's motion to reconsider sentence. The court denied defendant's motion to reconsider sentence. Defendant appealed.

¶ 8                                    II. ANALYSIS

¶ 9 On appeal, defendant argues that the court improperly dismissed the motion to withdraw his guilty plea as untimely and his convictions for aggravated domestic battery and domestic battery violate the one-act, one-crime doctrine.

¶ 10                                   A. Timeliness

¶ 11 Illinois Supreme Court Rule 605(c)(2) requires that defendant, "prior to taking an appeal *** must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw the plea of guilty." Ill. S. Ct. R. 605(c)(2) (eff. Oct. 1, 2001). A timely motion directed against the judgment tolls the time for appeal. *People v. Kibbons*, 2016 IL App (3d) 150090, ¶ 12. The timeliness of the postplea

motion is a jurisdictional question of law, which we review *de novo*. *People v. Marker*, 233 Ill. 2d 158, 162 (2009).

¶ 12   In the present case, defendant entered a guilty plea and filed a timely motion to reconsider sentence. The motion to reconsider sentence remained pending all through the filing of defendant's *pro se* motions to withdraw his guilty plea and postplea counsel's "Amended Motion to Reconsider Sentence Withdraw Plea of Guilty and Vacate Judgment." We find that defendant's timely filed and pending motion to reconsider his sentence tolled the 30-day period, allowing defendant time to amend the motion directed against his judgment. See *Kibbons*, 2016 IL App (3d) 150090, ¶ 12. Defendant's motion to withdraw his guilty plea and postplea counsel's motion adopting the motions to withdraw and the motion to reconsider sentence amounted to an amendment of the original postplea motion. See *People v. Cook*, 2023 IL App (4th) 210621, ¶ 47. It was, thus, timely filed. Therefore, we vacate the court's dismissal of the motion to withdraw defendant's guilty plea and remand for further postplea proceedings.

¶ 13                                B. One-Act, One-Crime Doctrine

¶ 14   Defendant argued that his convictions for aggravated domestic battery and domestic battery violate the one-act, one-crime doctrine because his convictions arose from the same physical act. The State confesses error and agrees that defendant's conviction for domestic battery should be vacated.

¶ 15   A criminal defendant may not be convicted of multiple offenses when those offenses are based on precisely the same physical act. *People v. Artis*, 232 Ill. 2d 156, 161 (2009). When two or more convictions are based on a single act, the sentence imposed for the less serious offense should be vacated. *Id.* at 170. To determine which offense is more serious, courts generally compare the relative punishments prescribed by legislature. *Id.*

4

¶ 16        In the present case, defendant's convictions for aggravated domestic battery and domestic battery stem from the same physical act of striking Moore "about the head," and are not sufficiently distinct to support the imposition of two convictions. Aggravated domestic battery is a Class 2 felony offense carrying an unextended sentencing range of three to seven years' imprisonment (720 ILCS 5/12-3.3(a), (b) (West 2018)), while domestic battery is a misdemeanor offense carrying a maximum sentence of less than one year of imprisonment (*id.* § 12-3.2(a)(1); 730 ILCS 5/5-4.5-55(a) (West 2018)). Because defendant's offenses constituted a single physical act, we accept the State's confession of error and vacate defendant's less serious offense of domestic battery. See *Artis*, 232 Ill. 2d at 177.

¶ 17                                III. CONCLUSION

¶ 18        The judgment of the circuit court of Will County is vacated and remanded for further proceedings.

¶ 19        Vacated and remanded.