THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SHANNON GIBSON, Defendant-Appellant.

Fifth District   No. 82—412

Opinion filed June 16, 1983.

KASSERMAN, J., dissenting.

Randy E. Blue and Dan W. Evers, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Barbara Adams, State's Attorney, of Hillsboro (Stephen E. Norris and Debra A. Buchman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE HARRISON delivered the opinion of the court:

The defendant, Shannon Gibson, pleaded guilty to burglary and was sentenced to three years' imprisonment on April 1, 1982. On April 2, 1982, the written judgment order was filed. On May 4, 1982, a *pro se* letter from the defendant was filed by the clerk of the circuit court. The State filed a motion to dismiss on the basis that the letter did not constitute a motion to withdraw the plea of guilty as contemplated by Supreme Court Rule 604(d) (87 Ill. 2d R. 604(d)). After a hearing, the court granted the motion to dismiss. The only issue on appeal is whether the letter was timely filed and whether it complies with Supreme Court Rule 604(d). We affirm.

The letter from defendant stated:

"Dear Sir,

I wish to appeal my case, on the grounds of inadequate defence [*sic*] by my attorney. I was psycologicly [*sic*] coherced [*sic*] into pleading guilty. I would also like to have the court appoint me

another attorney. Thank you.

Sincerly [*sic*] yours
Shannon Gibson
case # 81-CF-94."

At the hearing, the defendant testified that he mailed the letter on April 27, 1982. The court stated that during the week prior to May 4, 1982, he was in another county and that he had no doubt that the letter had been in his basket for a week. As soon as he found the letter, he opened it and had it filed. Assuming, *arguendo*, that the letter was timely, the appeal must be dismissed because the letter does not constitute a motion to withdraw a plea of guilty as contemplated by Supreme Court Rule 604(d). Defendant's letter does not qualify as a motion to vacate the plea where factual allegations not appearing in the record are not supported by an affidavit and the letter does not request withdrawal of the plea. The letter does not request any action other than in matters relative to the appeal. Therefore, the court properly dismissed the motion. *People v. Frey* (1977), 67 Ill. 2d 77, 83, 364 N.E.2d 46.

Defendant, relying on *People v. Parks* (1977), 54 Ill. App. 3d 967, 369 N.E.2d 1373, contends that the court may treat a letter as a motion to withdraw a plea of guilty. However, in *Parks*, defendant's letter which was timely filed sought unequivocally to withdraw the negotiated plea of guilty. In the case at bar, defendant's letter does not unequivocally seek to withdraw the negotiated plea of guilty.

For the foregoing reasons, the judgment of the circuit court of Montgomery County is affirmed.

Affirmed.

KARNS, J., concurs.

JUSTICE KASSERMAN, dissenting:

I am unable to agree with the decision of the majority; therefore, I respectfully dissent.

The record indicates that defendant testified that on April 27, 1982, he mailed the undated letter referred to by the majority. Although this letter was not filed by the circuit clerk until May 4, 1982, the court stated that it had no doubt that the letter had been in its mail basket for a week prior to its being filed. Thus, had defendant's letter received even routine treatment, it would have been filed in ample time for it to constitute a timely motion under Supreme Court Rule 604(d) (87 Ill. 2d R. 604(d)).

The majority has determined that, assuming that defendant's letter was timely, it would not constitute a motion for leave to withdraw the plea of guilty and to vacate the judgment of guilty, required by Supreme Court Rule 604(d) in order to perfect an appeal. This conclusion, however, fails to take into consideration the fact that Supreme Court Rule 605(b) (87 Ill. 2d R. 605(b)) makes provision for the admonitions to be given a defendant upon a plea of guilty. Rule 605(b) requires that when judgment is entered upon a plea of guilty, "at the time of imposing sentence" the court shall advise the defendant substantially as follows:

"(1) That he has a right to appeal;

(2) That prior to taking an appeal he must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw his plea of guilty, setting forth his grounds for the motion;

\* \* \*

(5) That if he is indigent, a copy of the transcript of the proceedings at the time of his plea of guilty and sentence will be provided without cost to him and counsel will be appointed to assist him with the preparation of the motions; and

(6) That in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to vacate \* \* \* shall be deemed waived." 87 Ill. 2d R. 605(b).

In the case at bar, after defendant was given the admonitions under Supreme Court Rule 605(b), he did everything possible to avail himself of the right to the appointment of counsel "to assist him with the preparation of the motions." First, he applied to the trial judge, not the clerk of the court, requesting the appointment of counsel, a perfectly reasonable response to the court's admonition under Supreme Court Rule 605(b)(2) that such application must be filed "in the trial court." Second, he specifically requested the trial court to "appoint [him] another attorney."

While Supreme Court Rule 604(d) is frequently cited as justification for the dismissal of an appeal, it must be borne in mind that the defendant in a criminal proceeding is not informed of the provisions of Rule 604(d). As a consequence, Illinois courts have consistently held that the failure of a trial court to give a defendant the admonitions required by Supreme Court Rule 605(b) prevents a dismissal of his appeal for failure to comply with the provisions of Supreme Court Rule 604(d). (*People v. Ryant* (1976), 41 Ill. App. 3d 273, 274, 354 N.E.2d 395, 396.) It is my conclusion, therefore, that when defendant re-

ceived the Rule 605(b) admonitions and sought to obtain the appointment of counsel, it necessarily follows that his failure to file the motion to vacate his plea and to vacate the judgment of guilty within 30 days was attributable to the trial court's failure to provide counsel for defendant "to assist him in the preparation of the motions."

When the predicament of an accused standing in the position of the defendant in the instant case is considered, it is impossible to expect such accused to do anything more than this defendant did. As a matter of fact, defendant did precisely what the court instructed him that he must do in order to appeal. He wrote to "the trial court" and requested the appointment of counsel, as the court had advised him would be done, on request, "to assist him with the preparation of the motions."

The dilemma of an accused in ·a situation such as that facing the defendant in the instant appeal, as well as defendants similarly situated, is the result of the defendant being left to pursue his appellate remedies on his own. He has been sentenced by the trial court, who gives him the Rule 605(b) admonitions and is gone. Defense counsel, often appointed by the court, wishes defendant good luck and vanishes. The defendant is returned to jail; and, since he is no longer represented by counsel, is left to his own devices in obtaining appointed counsel and perfecting his appeal. It is unconscionable under the circumstances to impute a waiver of the right to file a motion to vacate the judgment of guilty and for leave to withdraw plea of guilty to a defendant who by the only means available to him expressly has requested the appointment of counsel to assist him. See *People v. Moore* (1976), 45 Ill. App. 3d 570, 571, 359 N.E.2d 1065, 1066.

Parenthetically, the issue presented by the instant appeal appears to occur with sufficient frequency to suggest that consideration be given to requiring, by the amendment of Supreme Court Rule 604(d) or otherwise, that the defendant's trial attorney, as his final act, prepare and file on behalf of the defendant the documents necessary to preserve the right to appeal under Rule 604(d).

The majority in the instant appeal would distinguish *People v. Parks* (1977), 54 Ill. App. 3d 967, 369 N.E.2d 1373, on the basis that the defendant there "sought unequivocally to withdraw the negotiated plea of guilty." However, the court in *Parks*, after referring to a letter written by defendant, observed that the "court properly treated this letter as a motion to vacate and appointed counsel as contemplated by Rule 604(d)." (54 Ill. App. 3d 967, 968, 369 N.E.2d 1373, 1374.) It is noteworthy that although Parks unequivocally had sought to withdraw his plea of guilty, he did not file a motion to vacate the

judgment of guilty or for the appointment of counsel.

It is my conclusion, therefore, that defendant's letter in the case at bar should be considered as a timely application for the appointment of counsel to assist him in the preparation of his motions for leave to withdraw his plea of guilty and to vacate the judgment of guilty. For that reason, I would reverse the judgment of the trial court.