No. 2--07--0243        Filed: 7-27-07

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No.  06--CF--3298 |
| ELIZABETH GONZALEZ, | ) ) ) | Honorable Philip L. DiMarzio, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE GILLERAN JOHNSON delivered the opinion of the court:

On January 31, 2007, the defendant, Elizabeth Gonzalez, entered a negotiated plea of guilty to one count of forgery (720 ILCS 5/17--3(a)(1) (West 2006)).  After hearing the factual basis and determining that the plea was voluntary, the trial court accepted the plea and sentenced the defendant to 24 months' probation and 33 days' imprisonment, with credit for 41 days already served.  On March 1, 2007, the defendant filed two pro se documents with the court.  The first document stated:

"I Elizabeth Gonzalez would like to appeal an injustice on 1-31/06 [sic].  Your honor I was threatend [sic] with my freedom when I dissuscused [sic] whith [sic] my Public Defender, that I did not want to plead guilty.  From the start I was treated with unjustifiable disrespect and your [sic] I you would here [sic] me out the punishiment [sic] did not fit the crime, and I can prove it[.]  Thank you your honor for your time."

The second document that the defendant filed was a notice of appeal.  The trial court took no action on the defendant's first document.  On appeal, the defendant argues that the trial court erred in not

treating her first pro se document as a motion to withdraw her guilty plea and that this cause should be summarily remanded to resolve the defendant's motion and for proceedings consistent with Supreme Court Rule 604(d) (210 Ill. 2d R. 604(d)).

In People v. Gibson, 96 Ill. 2d 544 (1983), the supreme court considered whether a similar pro se document was sufficient to constitute a motion to withdraw a guilty plea. In Gibson, the defendant pleaded guilty to burglary and was sentenced to three years' imprisonment. People v. Gibson, 115 Ill. App. 3d 950, 950 (1983). After being sentenced, the defendant filed the following letter:

> " 'Dear Sir,
>
> I wish to appeal my case, on the grounds of inadequate defence [sic] by my attorney. I was psycologicly [sic] coherced [sic] into pleading guilty. I would also like to have the court appoint me another attorney. Thank you.' " Gibson, 115 Ill. App. 3d at 950-51.

The State filed a motion to dismiss on the basis that the letter did not constitute a motion to withdraw the plea of guilty, as contemplated by Supreme Court Rule 604(d). Gibson, 115 Ill. App. 3d at 950. After a hearing, the trial court granted the State's motion to dismiss. Gibson, 115 Ill. App. 3d at 950. The defendant appealed and the appellate court affirmed. Gibson, 115 Ill. App. 3d at 950-51. The supreme court, however, held that the letter sufficiently complied with Rule 604(d). Gibson, 96 Ill. 2d at 544. The supreme court therefore entered a supervisory order vacating the appellate court's judgment and remanding with directions that the appellate court consider the issues that the defendant had raised on appeal. Gibson, 96 Ill. 2d at 544.

We believe that Gibson controls the resolution of this appeal. In Gibson, the defendant filed a pro se letter indicating that he wanted to appeal because his attorney was ineffective and had

coerced him into pleading guilty. Gibson, 96 Ill. 2d at 544. Here, the defendant also complained about her attorney and alleged that he threatened her and that she pled guilty even though she did not want to. As the defendant's letter herein is substantially similar to the letter at issue in Gibson, we believe that the appropriate remedy is to remand this cause for proceedings consistent with Supreme Court Rule 604(d). See Gibson, 96 Ill. 2d at 544.

In so ruling, we reject the State's argument that Gibson is distinguishable from the case at bar. The State notes that in Gibson, the trial court conducted a hearing as to whether the defendant's letter complied with Rule 604(d). Conversely, no hearing at all was conducted in this case. We find this distinction to be insignificant. The error herein, as in Gibson, is that the trial court failed to treat the defendant's letter as a motion to withdraw her guilty plea.

Furthermore, we find unpersuasive the State's reliance on People v. Byers, 196 Ill. App. 3d 502, 508 (1990), and People v. Creek, 112 Ill. App. 3d 1081, 1084-86 (1983). In each of those cases, the trial court found that the defendant's pro se letter requesting to withdraw his guilty plea was untimely, as it had been filed more than 30 days after he had entered his guilty plea. Byers, 196 Ill. App. 3d at 508; Creek, 112 Ill. App. 3d at 1084-86. Here, the defendant's pro se letter was timely, as it was filed within 30 days of her guilty plea.

For the foregoing reasons, we remand this cause to the circuit court of Kane County for proceedings consistent with Supreme Court Rule 604(d).

Remanded.

BOWMAN and ZENOFF, JJ., concur.