2021 IL App (2d) 190153
Nos. 2-19-0153 & 2-19-0155 cons.
Opinion filed March 25, 2021

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Du Page County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | Nos. 17-CF-365, 17-CF-2442 |
| | ) | |
| DEVONTA OWENS, | ) ) | Honorable Liam C. Brennan, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE SCHOSTOK delivered the judgment of the court, with opinion.
Justice Jorgensen concurred in the judgment and opinion.
Justice McLaren dissented, with opinion.

**OPINION**

¶ 1    Defendant, Devonta Owens, appeals from his convictions of aggravated battery (720 ILCS 5/12-3.05(d)(2), (d)(3) (West 2016)) entered on a plea of guilty. Counsel from the Office of the State Appellate Defender, who was appointed to represent defendant on appeal, now moves to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *People v. Jones*, 38 Ill. 2d 384 (1967). Appellate counsel claims that there are no issues of arguable merit on appeal. For the reasons that follow, we grant the motion to withdraw and affirm defendant's convictions.

¶ 2                                    I. BACKGROUND

¶ 3    Defendant was charged in case Nos. 17-CF-365 and 17-CF-2442 with multiple counts of aggravated battery (720 ILCS 5/12-3.05(d)(2), (d)(3) (West 2016)). The public defender was appointed to represent defendant in both cases. Later, private counsel substituted as defendant's attorney in the cases. On March 19, 2018, private counsel informed the trial court that defendant wished to plead guilty in the cases. Counsel stated that, because he was new to the cases, he did not feel comfortable representing defendant in the plea. Defendant consented to counsel's withdrawal, and the trial court reappointed the public defender. Defendant proceeded to plead guilty to one count of aggravated battery in each case, in exchange for consecutive terms of 180 days in jail and 2 years of probation. The court admonished defendant of the rights he was relinquishing by pleading guilty, and defendant responded that he understood the admonitions. The court accepted the plea as free and voluntary and supported by a sufficient factual basis. The court then advised defendant about his appeal rights.

¶ 4    On April 6, 2018, defendant, who was proceeding *pro se*, filed a preprinted form titled "notice of motion and petition." Defendant indicated in the notice that, on May 7, 2018, he would "move [the trial court] to grant [his] petition: *** [to] [v]acate the [g]uilty [p]lea entered on 3/19/18." The notice stated no grounds for the relief it sought, and no motion was attached to the notice.

¶ 5    Defendant appeared *pro se* in court on May 7, 2018. The trial court asked defendant why the case had been scheduled for that date, and defendant replied that he had filed a motion to "vacate" his plea. The court asked defendant if he had discussed the matter with his public defender, and defendant answered that he intended to retain private counsel before the next court date. As the court discussed possible court dates with defendant, the State interjected and made an oral motion to strike defendant's "notice of motion and petition" because he had not filed a motion

proper. The court denied the State's motion without prejudice, noting that the State could "raise" the motion again "when [defendant] brings in an attorney."[1] The court set the matter for status on June 6, 2018.

¶ 6     On June 6, 2018, defendant appeared with private counsel. Counsel noted that defendant had "filed a motion to withdraw his plea," and counsel asked for additional time to review the transcripts. The court continued the matter to July 25, 2018, for status on the motion to withdraw.

¶ 7     Further continuances were granted as counsel sought case files from the public defender. On December 11, 2018, counsel withdrew and the public defender was reappointed. That same day, the public defender filed on defendant's behalf a motion to withdraw the guilty plea. Defendant filed an amended motion on January 22, 2019. He argued that his guilty plea was not knowing, intelligent, and voluntary, because he did not understand the admonishments that the court gave pursuant to Illinois Supreme Court Rule 402 (eff. July 1, 2012). Defendant also asserted actual innocence and claimed that he pled guilty "based on a misunderstanding of the case and consequence [*sic*]."

¶ 8     The motion was heard on February 27, 2019. Defendant testified that, when he pleaded guilty, he was taking unprescribed psychotropic medication that he obtained from fellow inmates. This medication caused defendant's mind to go "cloudy." When he made the decision to plead guilty, he was under the influence of that medication and "really wasn't thinking straight." Defendant spoke to his attorney prior to entering the plea, but defendant "wasn't really paying any attention" to what the attorney said. He thought that by pleading guilty he would have "the chance to get out" of jail and take care of his son, who was going to be one year old. Defendant did not "really" understand the judge's questions to him during the plea proceeding.

---

[1] Apparently, the State never renewed the motion.

¶ 9    The trial court denied the motion to withdraw the plea. The court found that defendant's replies to questions during the plea proceeding reflected that he knowingly and voluntarily entered his plea.

¶ 10    Defendant filed a timely appeal from the denial of his motion to withdraw the plea. The Office of the State Appellate Defender was appointed. In her motion to withdraw as counsel, appellate counsel states that she read the record and found no issue of arguable merit. Counsel further states that she advised defendant of her opinion. Counsel supports her motion with a memorandum of law providing a statement of facts and an argument why this appeal presents no issue of arguable merit. We advised defendant that he had 30 days to respond to the motion. That time is past, and defendant has not responded.

¶ 11    For the reasons that follow, we agree that this appeal lacks arguable merit and therefore grant counsel's motion to withdraw.

¶ 12                                II. ANALYSIS

¶ 13    In the memorandum attached to her motion to withdraw, appellate counsel identifies two potential issues for appeal and concludes that neither has merit. The issues are (1) whether we lack jurisdiction over this appeal and (2) whether the trial court abused its discretion in denying defendant's motion to withdraw his guilty plea. We agree with counsel that neither issue has arguable merit.

¶ 14                            A. Jurisdiction on Appeal

¶ 15    Appellate counsel recognizes that, "in order to perfect an appeal after entering a fully-negotiated plea with sentencing concessions from the State, [defendant] was required to file a motion to withdraw his plea within 30 days of his plea and sentencing," pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). Counsel submits that defendant's timely *pro se*

"notice of motion and petition," filed within 30 days of his plea and sentencing, "was sufficient to trigger Rule 604(d)[,] and the [trial] court correctly afforded him the full opportunity to explain his allegations with the assistance of counsel." Implicit in counsel's argument is that the "notice of motion and petition" tolled the time for defendant to file a notice of appeal from his plea and sentencing. We agree. Under this court's prior decisions, which we reaffirm today, defendant's "notice of motion and petition," though lacking an accompanying motion, was itself a "motion to withdraw the plea of guilty" under Rule 604(d). Because the "notice of motion and petition" was filed within 30 days of defendant's plea and sentencing, it sufficed to toll the time for appeal while defendant obtained the assistance of counsel and prepared a fully developed motion.

¶ 16 " '[A]n appeal is perfected by the timely filing of a notice of appeal, and it is this step which vests the appellate court with jurisdiction.' " *People v. Orahim*, 2019 IL App (2d) 170257, ¶ 2 (quoting *In re J.T.*, 221 Ill. 2d 338, 346 (2006)). Illinois Supreme Court Rule 606(b) (eff. July 1, 2017) sets out the timing for the perfection of an appeal in a criminal case:

"*Except as provided in Rule 604(d)*, the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from or[,] if a motion directed against the judgment is timely filed, within 30 days after the entry of the order disposing of the motion." (Emphasis added.)

¶ 17 The reference to Rule 604(d) exists because that rule establishes a special prerequisite for appeals in cases where the defendant was convicted based on a plea of guilty. Rule 604(d) states in relevant part:

"No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court

***, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 18    "Absent an extension of time granted by the trial court prior to the expiration of the 30-day deadline, [the motion to withdraw the guilty plea] must be filed within the 30-day period specified by [Rule 604(d)]." *People v. Price*, 364 Ill. App. 3d 543, 546 (2006) (citing *People v. Flowers*, 208 Ill. 2d 291, 300 (2003)). "The motion shall be in writing and shall state the grounds therefor." Ill. S. Ct. R. 604(d) (eff. July 1, 2017). "The motion shall be presented promptly" to the trial court, which "shall then determine whether the defendant is represented by counsel, and if the defendant is indigent and desires counsel, the trial court shall appoint counsel." *Id.* "The filing of a Rule 604(d) motion is a condition precedent to an appeal of a plea of guilty." *Price*, 364 Ill. App. 3d at 546.

> "[A] main purpose of Rule 604(d) is to ensure that any improper conduct or other alleged improprieties that may have produced a guilty plea are brought to the trial court's attention before an appeal is taken, thus enabling the trial court to address them at a time when witnesses are still available and memories are fresh." (Emphasis omitted.) *People v. Tousignant*, 2014 IL 115329, ¶ 16.

Rule 604(d) promotes this purpose by incorporating a strict waiver rule: "[u]pon appeal any issue not raised by the defendant in the motion to *** withdraw the plea of guilty and vacate the judgment shall be deemed waived." Ill. S. Ct. R. 604(d) (eff. July 1, 2017). To guard against waiver of meritorious issues, Rule 604(d) contains a certificate requirement. The attorney who prepared the motion to withdraw the guilty plea

> "shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's

contentions of error in *** the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." *Id.*

¶ 19 Rule 604(d) serves interests that create an inner tension. On the one hand, "because of the strict waiver requirements of Rule 604(d), fundamental fairness requires that a defendant be afforded a full opportunity to explain his allegations and that he have assistance of counsel in preparing the motion." *People v. Ledbetter*, 174 Ill. App. 3d 234, 237-38 (1988). On the other hand, Rule 604(d)'s default 30-day limit, though an understandable mechanism for promoting finality, provides a narrow window for the development of a motion, the scope of which determines the scope of the appeal. " 'The *timely* filing of a Rule 604(d) motion and a notice of appeal are jurisdictional prerequisites to a review of defendant's guilty plea.' " (Emphasis added.) *People v. Baker*, 2020 IL App (3d) 180348, ¶ 12 (quoting *People v. Dieterman*, 243 Ill. App. 3d 838, 841 (1993)). The challenge within the Rule 604(d) scheme is for defendants to have a meaningful opportunity, within jurisdictional limits, to develop their motions with the assistance of counsel.

¶ 20 Case law allows trial courts significant flexibility to accommodate a defendant who wishes to withdraw his guilty plea. For one, the supreme court has declined to strictly enforce the letter of Rule 604(d) as to how a defendant obtains the assistance of counsel in seeking to withdraw a plea. The language of Rule 604(d) suggests that the trial court has no duty to appoint counsel until the defendant himself files a motion proper. See Ill. S. Ct. R. 604(d) (eff. July 1, 2017) (once the defendant files the "motion," which "shall be in writing and shall state the grounds therefor," the trial court "shall then determine whether the defendant is represented by counsel, and if the defendant is indigent and desires counsel, the trial court shall appoint counsel"). However, the

supreme court has made clear that the duty to appoint counsel *precedes* the filing of a motion, as the entire point of the appointment is to assist the defendant in preparing the motion itself. "Once a *pro se* defendant notifies the circuit court that he wishes to withdraw his guilty plea and appeal, the protections offered by Rule 604(d), *i.e.*, the appointment of counsel and the attorney certificate, are automatically triggered." *People v. Edwards*, 197 Ill. 2d 239, 256 (2001) (citing *People v. Griffin*, 305 Ill. App. 3d 326, 330 (1999)). Thus, while the letter of the rule requires the trial court to make its inquiry once a defendant files his motion, "[u]nder certain circumstances, a trial judge must make a similar inquiry *before* an indigent defendant files a formal Rule 604(d) motion." (Emphasis in original.) *Griffin*, 305 Ill. App. 3d at 330. "It is well settled that fundamental fairness requires that a defendant receive the assistance of counsel to '*prepare* and present' a postplea motion." (Emphasis in original.) *Id.* (quoting *People v. Cunningham*, 294 Ill. App. 3d 702, 704 (1997)). The trial court must "investigate whether a defendant desires counsel when the defendant manifests an interest in appealing his judgment and sentence, even if the defendant does not comply with Rule 604(d)'s written-motion requirement." *Id.* at 331 (citing *People v. Barnes*, 291 Ill. App. 3d 545, 550 (1997)). "It is well settled that a defendant has the right to the aid of an attorney in the preparation and presentation of a motion pursuant to Rule 604(d), and such a motion should not be denied until that representation has been obtained." *Barnes*, 291 Ill. App. 3d at 550. "In fact, the trial judge is obligated to appoint counsel in postplea proceedings, *even without a specific request from an indigent defendant*, unless he finds that the defendant knowingly waives the right to appointed counsel." (Emphasis added.) *Id.*

¶ 21    There is no set manner in which a defendant must "manifest[ ] an interest" (*Griffin*, 305 Ill. App. 3d at 331) in withdrawing his guilty plea so as to trigger the trial court's duty to inquire whether the defendant is or wishes to be represented by counsel. Defendants have been found to

have shown such interest through oral remarks in court following sentencing (*id.* at 329-30), through filing a bare notice of motion to withdraw the plea (*People v. Perry*, 2014 IL App (1st) 122584, ¶ 6), and through sending a letter to the court (see *People v. Trussel*, 397 Ill. App. 3d 913, 914-15 (2010); *People v. Brooks*, 377 Ill. App. 3d 836, 837, 840 (2007)). The defendant must make the expression of interest within the time set by Rule 604(d) or the trial court loses jurisdiction. See *Griffin*, 305 Ill. App. 3d at 331 ("In this case, defendant failed to file a written motion, but he manifested an interest in appealing immediately after sentencing, which was well within the Rule 604(d) 30-day limit.").

¶ 22    Of course, it little benefits a defendant to manifest, on one day, an interest in withdrawing his guilty plea only to have the trial court's jurisdiction lapse the next day. There is a line of cases, including some from this district, that mitigates the harsh potential of the 30-day limit and so helps effectuate the defendant's right to the assistance of counsel. These decisions do so by taking a liberal view of what constitutes a "motion to withdraw the plea of guilty" under Rule 604(d) so as to toll the 30-day period under Rule 606(b). Under this case law, where a *pro se* defendant files a written submission[2] from which an intent to withdraw his plea may be reasonably inferred, that

---

[2] While a written *or* oral expression of interest in withdrawing the plea will trigger the trial court's duty to inquire if the defendant has or desires counsel (see, *e.g.*, *Griffin*, 305 Ill. App. 3d at 329-30), Rule 604(d)'s requirement that the motion to withdraw must be "in writing" (Ill. S. Ct. R. 604(d) (eff. July 1, 2017)) compels us to conclude that only a written submission can qualify as a "motion to withdraw the plea of guilty" under Rule 604(d) and so toll the time under Rule 606(b). Courts, however, have authority to extend Rule 604(d)'s 30-day period for filing a postplea motion. See *Flowers*, 208 Ill. 2d at 300, 303; *People v. Church*, 334 Ill. App. 3d 607, 613-14 (2002)

submission is taken as a "motion to withdraw the plea of guilty" under Rule 604(d). See *People v. Gonzalez*, 375 Ill. App. 3d 377, 377, 379 (2007) (the trial court erred in "fail[ing] to treat the defendant's letter as a motion to withdraw her guilty plea," where the defendant stated in the letter that she had not wanted to plead guilty but had felt threatened); *Barnes*, 291 Ill. App. 3d at 547, 550 (characterizing as a "motion" the defendant's letter stating that, when she decided to plead guilty, she was experiencing withdrawal from medicine and was not thinking clearly); *People v. Velasco*, 197 Ill. App. 3d 589, 591 (1990) (repeatedly characterizing as a "motion" the defendant's letter stating his desire to withdraw his plea because his sentence was excessive for a first-time offender); *People v. Lev*, 166 Ill. App. 3d 173, 176-77 (1988) (finding jurisdiction over the appeal based on the defendant's timely filing of his "notice of motion" to withdraw his plea, though it was unaccompanied by a motion proper and stated no grounds: "Since defendant, *pro se*, filed a document within 30 days of sentencing[,] which revealed his intent to withdraw his guilty plea, the [trial] court could properly construe this document as a request to vacate his plea of guilty."); *People v. Goff*, 57 Ill. App. 3d 384, 386, 391 (1978) (finding appellate jurisdiction based on defendant's letter, filed 26 days after sentencing, in which he sought a new trial and claimed that he was coerced into pleading guilty: "We feel, without qualm, that the only logical and reasonable view is to consider the letter in the nature of the written motion to vacate required by [Rule 604(d)]. To hold otherwise, in our view, would be to do violence to our sense of justice."); *People v. Parks*, 54 Ill. App. 3d 967, 968 (1977) (holding that, where the defendant sent a letter claiming that he was coerced into pleading guilty, the trial court "properly treated this letter as a motion to vacate

---

("Nothing in Rule 604(d) states that the trial court does not have authority to extend the time for filing a motion to reconsider sentence or a motion to withdraw guilty plea.").

and appointed counsel as contemplated by Rule 604(d)"); compare *People v. Gibson*, 96 Ill. 2d 544 (1983) (supervisory order) ("In the exercise of this court's supervisory jurisdiction, this court holds that the following letter from the petitioner to the trial judge sufficiently complied with Rule 604(d) [citation]: 'I wish to appeal my case, on the grounds of inadequate defence [*sic*] by my attorney. I was psychologicly [*sic*] coherce [*sic*] into pleading guilty. I would also like to have the court appoint me another attorney. Thank you.' "), with *People v. Frey*, 67 Ill. 2d 77, 83 (1977) (the trial court did not err in refusing to treat notices of appeal as motions to withdraw the plea, because "[t]he documents *** not only fail to conform to the requirement of Rule 604(d) that facts not appearing of record be supported by affidavit, but they do not request the trial court to permit withdrawal of the pleas, and request no action other than in matters relative to the appeal").

¶ 23    The written submissions in these cases covered a wide spectrum in terms of substance. Some stated pertinent grounds for withdrawal, some stated dubious grounds, and, in *Lev*, the defendant's notice of motion stated no grounds at all. The submissions were, in short, of the kind one might expect from *pro se* defendants. In accepting them as "motions" under Rule 604(d), the courts showed a leniency appropriate for fulfilling Rule 604(d)'s policy of providing a *pro se* defendant the opportunity to develop his claims, with counsel, before jurisdiction lapses. To do otherwise "would *** do violence to our sense of justice." *Goff*, 57 Ill. App. 3d at 391. Under this line of cases, defendant's "notice of motion and petition" qualified as a "motion to withdraw the plea of guilty" under Rule 604(d), because defendant expressly stated an intent to present, on the scheduled date, a motion to withdraw his plea.

¶ 24    The dissent disagrees that defendant's "notice of motion and petition" qualified as a "motion" under Rule 604(d). The dissent relies on *People v. MacArthur*, 313 Ill. App. 3d 864 (2000). In *MacArthur*, the defendant filed, within 30 days of his conviction, a motion for a new

trial. We held that the motion did not qualify as a postjudgment motion under Rule 606(b) so as to toll the time for appeal:

> "The 'motion' defendant filed on May 15, 1998, did not actually raise any grounds for a new trial but only requested that the trial court allow defendant to raise such grounds later or when the trial transcript became available. Arguably, this filing was in substance not a motion at all, but merely a notice of motion. A notice of motion is not a motion and does not satisfy a statute or rule that requires the filing of a motion." *Id.* at 868 (citing *Kollath v. Chicago Title & Trust Co.*, 62 Ill. 2d 8, 10 (1975)).

¶ 25    In *Kollath*, the sole authority we cited in the quoted discussion, the supreme court held that a notice of motion did not itself qualify as a "motion" under section 50(5) of the Civil Practice Act, which provided:

> "The court may in its discretion, before final order, judgment or decree, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order, judgment or decree upon any terms and conditions that shall be reasonable." Ill. Rev. Stat. 1969, ch. 110, § 50(5) (now codified at 735 ILCS 5/2-1301(d) (West 2018)).

¶ 26    The *Kollath* court explained:

> "There is no suggestion that the filing of a notice of motion will satisfy the requirement of a motion. A notice of motion serves separate and distinct purposes from those served by a motion. It is but a declaration of intention. It advises interested persons that a motion will be made at a given time and place in the case concerned. If the motion is in fact made, the presence of the executed notice of motion informs the court that the notice according to its terms has been given the persons indicated. A notice of motion is not itself an application to a court, that is, it is not a motion." *Kollath*, 62 Ill. 2d at 10.

¶ 27    We are not persuaded to follow *MacArthur* or *Kollath* on the distinct issue here of whether a notice of motion qualifies as a "motion to withdraw the plea of guilty" under Rule 604(d).

¶ 28    We cannot assess *Kollath*'s relevance without considering the maxim that the same term can have different meanings in different contexts. "[S]eparate acts with separate purposes need not define similar terms in the same way, but, rather, the same word may mean one thing in one statute and something different in another, dependent upon the connection in which the word is used, the object or purpose of the statute and the consequences which probably will result from the proposed construction." *Mack v. Seaman*, 113 Ill. App. 3d 151, 154 (1983). *Kollath* was clarifying "motion" as that term was used in a statute governing civil procedure. Rule 604(d) serves significantly different interests than section 50(5) of the Civil Practice Act. Rule 604(d) governs criminal procedure and provides a right to counsel that is deemed "fundamental" in view of its strict waiver provision. *Ledbetter*, 174 Ill. App. 3d at 237-38. Given the contextual differences, we are not bound here by the supreme court's analysis in *Kollath*.

¶ 29    Nor are we otherwise persuaded that, as *MacArthur* asserts, "[a] notice of motion is not a motion and does not satisfy a statute or rule that requires the filing of a motion." *MacArthur*, 313 Ill. App. 3d at 868. The unqualified assertion that "motion" must carry the same meaning in whichever statute or rule the term appears is in tension with the interpretative canon that the same term can indeed have different meanings in different contexts. We now reaffirm our holdings in *Gonzalez*, *Velasco*, and *Lev* that a written submission, of whatever form, in which the defendant expresses an interest in withdrawing his guilty plea qualifies as a "motion to withdraw the plea of guilty" under Rule 604(d). In doing so, we depart from *MacArthur* inasmuch as its holding entails that a mere "notice of motion" seeking to withdraw the guilty plea cannot serve as a "motion directed against the judgment" under Rule 606(b).

¶ 30    The dissent also relies on our decision in *Orahim*, where we dismissed the defendant's appeal. The defendant in *Orahim* pleaded guilty and was sentenced. Within 30 days of his sentencing, he filed a motion to reconsider his sentence. The trial court denied the motion. The defendant then filed a motion to withdraw his guilty plea, but this motion was filed more than 30 days beyond his sentencing. The trial court denied that motion, too, and the defendant filed his notice of appeal within 30 days of that disposition. We held that the second postjudgment motion, because it was untimely, did not extend the time for filing the notice of appeal. Therefore, the defendant needed to file his notice of appeal within 30 days of the denial of his *first* postjudgment motion. Because defendant did not file his appeal within that period, we lacked jurisdiction. *Orahim*, 2019 IL App (2d) 170257, ¶¶ 1-2.

¶ 31    The dissent challenges us to reconcile our decision today with *Orahim*. We do so with ease: nothing in our decision today conflicts with the jurisdictional timeframes affirmed in *Orahim*. The pivotal issue here is what constitutes a "motion to withdraw the plea of guilty" under Rule 604(d). That issue was not before us in *Orahim*.

¶ 32    We stress that *Gonzalez*, *Velasco*, and *Lev*—and our decision today—are consistent with prior holdings that accommodate defendants in the context of Rule 604(d): (1) despite language in Rule 604(d) that the defendant must file a "motion" before being entitled to the assistance of counsel, a defendant need only first show an interest in withdrawing his plea (see *Edwards*, 197 Ill. 2d at 256), and (2) despite language in Rule 604(d) that the trial court appoints counsel for the defendant once the court confirms that the defendant desires counsel, the court should actually appoint counsel for an indigent defendant even if he does not specifically request it (*Barnes*, 291 Ill. App. 3d at 550).

¶ 33 Based on the criteria that we reaffirm today, defendant's "notice of motion and petition" filed on April 6, 2018, well within 30 days of his plea and sentencing, was both a "motion to withdraw the plea of guilty" under Rule 604(d) and a "motion directed against the judgment" under Rule 606(b). Thus, as a motion, it tolled the time under Rule 606(b). On May 7, 2018, defendant appeared *pro se* before the trial court, which inquired whether defendant had counsel. Defendant informed the court that he intended to retain private counsel, and the court continued the motion to allow counsel to appear. After several continuances, the court ultimately appointed the public defender for defendant. By counsel, defendant filed a motion to withdraw his guilty plea and later amended the motion. The court heard and denied the amended motion, and defendant filed his notice of appeal within 30 days of that judgment. Thus, we agree with appellate counsel that we have jurisdiction over this appeal and that it would be frivolous to argue otherwise.

¶ 34                    B. Denial of the Motion to Withdraw the Plea

¶ 35 Moving to the second potential issue identified by appellate counsel, we agree with counsel that it would be frivolous to argue that the trial court erred when it denied defendant's amended motion to withdraw his guilty plea. A defendant may withdraw a guilty plea if the plea was entered on a misapprehension of the facts or the law, if there is doubt as to the defendant's guilt, or if the ends of justice would be better served by proceeding with a trial in the defendant's case. *People v. Hughes*, 2012 IL 112817, ¶ 32. The trial court's ruling on a motion to withdraw a guilty plea will not be disturbed absent an abuse of discretion. *People v. Davis*, 145 Ill. 2d 240, 244 (1991).

¶ 36 Here, counsel considered arguing that defendant's guilty plea was involuntary, and thus should be withdrawn, because defendant was taking unprescribed psychotropic medication, he wished to be released from prison to take care of his son, and he was innocent. We agree with counsel that these are not arguable bases for challenging the voluntariness of defendant's plea.

First, the mere fact that defendant was taking psychotropic medication did not render his plea involuntary, as the record established that defendant understood the court's admonishments and knowingly and voluntarily pleaded guilty. *People v. Jamison*, 197 Ill. 2d 135, 157-58 (2001) (no indication that the defendant's depression, or the psychotropic medication he was taking for it, impacted his ability to plead guilty). Likewise, the fact that defendant wished to be released from jail sooner did not render his plea involuntary. When defendant pleaded guilty, he knew that, in return for his plea, the State was recommending a jail term, which the trial court did in fact impose. Finally, although defendant alleged in his motion that he was innocent, he never elaborated on this bare assertion. Without knowing the basis for this claim, we cannot conclude that defendant's plea was involuntary.

¶ 37    After examining the record, the motion to withdraw, and counsel's memorandum of law, we agree with counsel that this appeal presents no issue of arguable merit. Thus, we grant counsel's motion to withdraw, and we affirm the judgment of the circuit court of Du Page County.

¶ 38    Affirmed.

¶ 39    JUSTICE McLAREN, dissenting:

¶ 40    I dissent from the majority's conclusion that this court has jurisdiction over this appeal. We have all heard the expression, "the same, only different." In a nutshell, the majority here holds that a notice of motion and a motion, two different legal forms long known as distinct entities, are the same. Additionally, the majority conflates jurisdiction in the trial court with jurisdiction in the appellate court and fails to recognize that the point of my dissent is simply that we do not have jurisdiction to entertain this appeal, regardless of whether the trial court had jurisdiction. Once we determine that we do not have jurisdiction, our inquiry should stop, unless what the trial court did was void. My analysis of what happened in the trial court is due to the majority's counterfactual

analysis that fails to find that nothing substantively constituting a motion attacking the judgment and containing grounds therefor was filed within the apt time.

¶ 41     " '[A]n appeal is perfected by the timely filing of a notice of appeal, and it is this step which vests the appellate court with jurisdiction.' " *People v. Orahim*, 2019 IL App (2d) 170257, ¶ 2 (quoting *In re J.T.*, 221 Ill. 2d 338, 346 (2006)). A notice of appeal is timely if it is filed "within 30 days after the entry of the final judgment appealed from or[,] if a *motion* directed against the judgment is timely filed, within 30 days after the entry of the order disposing of the motion." (Emphasis added.) Ill. S. Ct. R. 606(b) (eff. July 1, 2017). A *motion* to reconsider the sentence or a *motion* to withdraw a plea is timely if it is filed within 30 days after the sentence. See Ill. S. Ct. R. 604(d) (eff. July 1, 2017). A trial court has the inherent authority, "upon proper application and showing of good cause, to grant an extension of time for filing a *motion* to reconsider sentence or a *motion* to withdraw guilty plea." (Emphases added.) *People v. Church*, 334 Ill. App. 3d 607, 614 (2002); see also *People v. Flowers*, 208 Ill. 2d 291, 300 (2003).[3]

---

[3] However, if more than 30 days have elapsed since the sentence was imposed and the trial court has not extended the time to file a motion, the trial court is divested of jurisdiction to entertain a defendant's motion. *Flowers*, 208 Ill. 2d at 303; *People v. Price*, 364 Ill. App. 3d 543, 546 (2006). " 'A motion not filed within 30 days after the judgment (or any extension allowed) is not "timely" ***; and an untimely motion *** neither stays the judgment [(*i.e.*, continues the trial court's jurisdiction to alter that judgment)] nor extends the time for appeal.' " *Orahim*, 2019 IL App (2d) 170257, ¶ 11 (quoting *Sears v. Sears*, 85 Ill. 2d 253, 259 (1981)).

¶ 42    Defendant did not file a motion to withdraw his guilty plea within 30 days of sentencing and never requested, let alone received, a timely extension of time to file such a motion.[4] It is clear that the trial court was divested of jurisdiction to entertain the motion that was eventually filed. How, then, is his notice of appeal, filed more than 11 months after sentencing, timely such that this court obtains jurisdiction? According to the majority, defendant's *notice* of motion, filed within 30 days of his plea and sentencing but with no motion attached, "was both a 'motion to withdraw the plea of guilty' under Rule 604(d) and a 'motion directed against the judgment' under Rule 606(b)" such that the notice tolled the time for appeal. *Supra* ¶ 33.

¶ 43    Our supreme court has held:

> "Section 50(5) clearly provides that a court may only 'on motion filed within 30 days after entry' set aside a final order. *There is no suggestion that the filing of a notice of motion will satisfy the requirement of a motion. A notice of motion serves separate and distinct purposes from those served by a motion. It is but a declaration of intention. It advises interested persons that a motion will be made at a given time and place in the case concerned.* If the motion is in fact made, the presence of the executed notice of motion informs the court that the notice according to its terms has been given the persons indicated. *A notice of motion is not itself an application to a court, that is, it is not a motion.* The plaintiff did not

---

[4] In this respect, the majority's discussion of a court's authority to extend Rule 604(d)'s 30-day period for filing a postplea motion (*supra* ¶ 22 n.2) sets up a counterfactual conditional—no request for such an extension was made, let alone granted. This discussion is irrelevant, confusing, and unnecessary, and more appropriate in a law review article.

move or apply to the court for a vacation of the order of dismissal within 30 days and therefore did not meet the requirement of section 50(5).

The appellate court did not hold that a notice of motion is the equivalent of a motion, but apparently deemed that as the plaintiff's notice served to inform the court that 'a motion to reinstate a dismissed case would be argued on a future date,' that would satisfy the requirements of 50(5). (24 Ill. App. 3d 353, 356.) We consider, however, as is obvious from our discussion, that a motion must be filed within 30 days under the terms of section 50(5). As the plaintiff did not file a motion to vacate the dismissal within 30 days, the court lacked jurisdiction to entertain his oral motion on November 4, 1971." (Emphases added.) *Kollath v. Chicago Title & Trust Co.*, 62 Ill. 2d 8, 10-11 (1975).

¶ 44 One would expect that such words from our own supreme court would lead a student of the law to conclude that a notice of motion "is not a motion." Apparently, that is not the case. According to the majority here, "defendant's 'notice of motion and petition' filed on April 6, 2018, well within 30 days of his plea and sentencing, was *both a 'motion* to withdraw the plea of guilty' under Rule 604(d) *and a 'motion* directed against the judgment' under Rule 606(b)." (Emphases added.) *Supra* ¶ 33. Our supreme court says that a notice of motion is not a motion; the majority here says that, not only is a notice of motion a motion, it actually is *two* motions.

¶ 45 Such a conclusion requires both an inordinate attempt to parse a clear statement of law and a smattering of creative nuance. Citing the maxim that the same term can have different meanings in different contexts, the majority distinguishes *Kollath* based on the claim that we need to know the context in which the motion is filed:

"*Kollath* was clarifying 'motion' as that term was used in a statute governing civil procedure. Rule 604(d) serves significantly different interests than section 50(5) of the Civil Practice Act." *Supra* ¶ 28.

¶ 46    A "motion" is not some trendy abstract concept or term of art. It would be difficult to imagine a more basic legal form, in either criminal or civil law, than a motion. Yet the majority ascribes to it a gnostic duality that allows it to change its meaning when it is invoked in certain (*e.g.*, criminal law) circumstances. This court has applied civil case law to the issue of a trial court's jurisdiction over a criminal defendant's motion to withdraw his guilty plea and this court's jurisdiction to reach the merits of the appeal. See *Orahim*, 2019 IL App (2d) 170257, ¶¶ 3-5 (applying and discussing *Sears v. Sears*, 85 Ill. 2d 253 (1981)). *Orahim* specifically noted that, "[a]lthough *Sears* is a civil case, its holding applies equally to criminal cases." *Orahim*, 2019 IL App (2d) 170257, ¶ 3 n.1. Perhaps the majority can more minutely distinguish these "contextual differences" in light of *Orahim* and *Sears*.

¶ 47    Whenever possible, we are to apply the plain and ordinary meaning of statutory language. *People v. Glisson*, 202 Ill. 2d 499, 504-05 (2002).[5] This court has defined a motion as "an application to the court for a ruling or an order in a pending case." (Internal quotation marks omitted.) *Blazyk v. Daman Express, Inc.*, 406 Ill. App. 3d 203, 206 (2010). "A motion is an application to the court for a ruling or an order in a pending case." *In re Marriage of Wolff*, 355 Ill. App. 3d 403, 407 (2005). On the other hand, our supreme court has defined a notice of motion as "but a declaration of intention. It advises interested persons that a motion will be made at a

---

[5] The same rules of statutory construction apply to the interpretation of supreme court rules. *People v. Roberts*, 214 Ill. 2d 106, 116 (2005).

given time and place in the case concerned." *Kollath*, 62 Ill. 2d at 10. A "notice of motion" is "[w]ritten certification that a party to a lawsuit has filed a motion or that a motion will be heard or considered by the court at a particular time." Black's Law Dictionary (11th ed. 2019). It is "a means of bringing a motion on for hearing. A formal notice that a motion described therein will be made before the court at the time and place stated in the notice." *Shady v. Shady*, 10 Ill. App. 3d 801, 808 (1973) (Dixon, J., dissenting). Simply put, utilizing context to change the definition of a legal nominalization in a supreme court rule is within the authority of only the supreme court. The majority asserts that "defendant's 'notice of motion and petition' qualified as a 'motion to withdraw the plea of guilty' under Rule 604(d) because defendant expressly stated an intent to present, on the scheduled date, a motion to withdraw his plea." *Supra* ¶ 23. This is incoherent. A filing that expresses an intent to later present a motion fulfills the definition of a notice of motion but not that of a motion. How does a filing qualify as a motion merely because it fulfills the requirements of a notice of motion? Such a filing also disregards the requirement to include grounds for the relief sought.

¶ 48    In the episode of the television series *Blackadder the Third* titled "Ink and Incapability," Blackadder and Baldrick attempt to recreate the original manuscript of Samuel Johnson's "A Dictionary of the English Language," which they believed that Baldrick had used to start a fire. When asked for his definition of "dog," Baldrick replied, "Not a cat." See *BlackAdder Scripts: Blackadder III, Episode 2—Ink and Incapability*, https://allblackadderscripts.blogspot.com/2012/12/blackadder-iii-episode-2-ink-and.html (last visited Mar. 12, 2021) [https://perma.cc/8DHD-N67K]. I suggest that Baldrick's use of "context" was more apt than the majority's. While Baldrick was imprecise as to what a dog was, he was crystal clear as to what a dog was not: a cat. The supreme court may not have precisely limited what a motion actually is, but it has been crystal

clear as to what a motion is not: a notice of motion. Yet the majority "contextualizes" the law to include in the definition the one thing that has been clearly excluded.

¶ 49    The majority posits that a motion in a criminal law context is somehow different from a motion in a civil law context. However, the majority has failed to provide a definition of either "motion" or "notice of motion" that distinguishes between criminal and civil applications. Ah, the vagaries of a logical fallacy such as a distinction without a difference.

¶ 50    This court has already followed and applied *Kollath* in the criminal realm. See *People v. MacArthur*, 313 Ill. App. 3d 864, 868 (2000) ("A notice of motion is not a motion and does not satisfy a statute or rule that requires the filing of a motion. *Kollath v. Chicago Title & Trust Co.*, 62 Ill. 2d 8, 10 (1975)."); *City of Naperville v. Mann*, 378 Ill. App. 3d 657, 659 (2008) ("Here, the City filed only notices of motions for reconsideration, not the motions themselves. This court has held that '[a] notice of motion is not a motion and does not satisfy a statute or rule that requires the filing of a motion.' *People v. MacArthur*, 313 Ill. App. 3d 864, 868 (2000)." (Emphasis omitted.)). Nevertheless, the majority is "not persuaded to follow *MacArthur* or *Kollath* on the distinct issue here of whether a notice of motion qualifies as a 'motion to withdraw the plea of guilty' under Rule 604(d)." *Supra* ¶ 27.

¶ 51    If supreme court and Second District precedent are unclear or of limited import to the majority, perhaps rules of the Eighteenth Judicial Circuit will be persuasive. "Subject to the rules of the Supreme Court, the circuit and Appellate Courts may make rules regulating their dockets, calendars, and business." 735 ILCS 5/1-104(b) (West 2018). "A majority of the circuit judges in each circuit may adopt rules governing *civil and criminal cases* which are *consistent with these rules and the statutes of the State*, and which, so far as practicable, shall be uniform throughout the State." (Emphases added.) Ill. S. Ct. R. 21(a) (eff. Dec. 1, 2008). Such rules may not abrogate,

limit, or modify existing law or place additional burdens on litigants, as compared to the requirements of corresponding statutes or supreme court rules. *People v. Atou*, 372 Ill. App. 3d 78, 82 (2007).

¶ 52 Eighteenth Judicial Circuit Court Rule 30.02 provides in relevant part:

> "(a) Unless otherwise dictated by statute or Supreme Court Rule, any application for an order or other relief shall be made *by filing a motion*. The title to each motion shall indicate the relief sought and *the applicable section of the Code of Criminal Procedure or Supreme Court Rule*.
>
> ***
>
> (c) Content of Notice. *Every motion which is not filed in open court shall be accompanied by a notice of motion.* The notice shall designate the judge to whom the motion will be presented for hearing; shall show the title and number of the action, the date when the motion will be presented, the time it will be presented, the courtroom where it will be presented, and the purpose of the motion, including the requested relief." (Emphases added.) 18th Judicial Cir. Ct. R. 30.02(a), (c) (eff. May 8, 2013).

¶ 53 In the Eighteenth Circuit, a motion in a criminal case must be accompanied by a notice of motion. There is no indication that this rule is in conflict with statutory law or supreme court rules. Logically, a thing cannot be accompanied by itself. Put another way, a thing cannot be both itself and another, accompanying object. The majority fails to explain how a notice of motion can fulfill the requirements of both a notice of motion and a motion at the same time, when both such documents are required, by rule, to be filed. Instead of enforcing the court's rule requiring a notice

of motion to *accompany* a motion, the majority is allowing a notice of motion to *supplant* two motions.

¶ 54    The majority cites a line of cases that take "a liberal view of what constitutes a 'motion to withdraw the plea of guilty' under Rule 604(d) so as to toll the 30-day period under Rule 606(b)." *Supra* ¶ 22. With one exception, all of those cases involved *pro se* letters written to the trial court within 30 days of sentencing, explaining why the defendants wanted to withdraw their guilty pleas. These letters were at least similar in form to a motion to withdraw a guilty plea under Rule 604(d)—they were in writing *and they stated the grounds therefor*. However, such was not the case here; defendant's notice of motion, while written, failed to in any way state the grounds on which he sought to withdraw his plea. Thus, with the exception of *Lev*, the line of cases cited (*supra* ¶ 22), with their "wide spectrum" of grounds for withdrawal (*supra* ¶ 23), is both distinguishable and inapplicable here.

¶ 55    *Lev*, then, is the only case that "supports" the majority's conclusion here. A single case, never in its 32-year history cited in any other case for the proposition relied upon by the majority— a proposition that runs contrary to supreme court precedent, Second District precedent, and circuit court rules. Lest we forget: "[N]either the trial court nor the appellate court has the authority to excuse compliance with the filing requirements of the supreme court rules governing appeals." (Internal quotation marks omitted.) *People v. Lyles*, 217 Ill. 2d 210, 216 (2005). While an appellate court may exercise significant powers on review of a criminal case, it does not possess the same inherent supervisory authority conferred on our supreme court by article VI, section 16, of the Illinois Constitution (Ill. Const. 1970, art. VI, § 16). *Lyles*, 217 Ill. 2d at 216. The majority here is clearly overstepping its authority.

¶ 56    I also note that the *Lev* court concluded that review of the merits was proper because a claim "that a criminal charge is void can be raised at any time, regardless of whether it was properly preserved for review." *People v. Lev*, 166 Ill. App. 3d 173, 176 (1988). The majority here cites the "alternate grounds" stated by the *Lev* court that were tenuously, at best, based on *People v. Woods*, 134 Ill. App. 3d 294 (1985). In *Woods*, the defendant, through appointed counsel, filed a timely written " 'MOTION FOR RECONSIDERATION OF SENTENCE OR, IN THE ALTERNATIVE, A MOTION TO WITHDRAW A PLEA OF GUILTY.' " *Id.* at 297. After the trial court denied the motion to reconsider, the defendant filed a written motion stating grounds for the withdrawal of the guilty plea. The appellate court stated:

> "In the present case, the defendant clearly manifested an intent in his original [written] motion to attempt to withdraw the guilty plea if the court denied his motion to reconsider and thus, brought the issue to the trial court's attention. Although the original motion did not state any grounds for withdrawing the plea, the second motion did, and the trial court had discretion to allow the defendant *to supplement the original motion.*" (Emphasis added.) *Id.* at 299.

*Woods* acquiesced in the later amendment of a deficient motion. *Lev* and the majority here expand that acquiescence to include the later amendment of a deficient *nonmotion*.[6]

¶ 57    The majority dismisses *Orahim* as irrelevant to this case:

_____

[6] The alleged voidness issue in *Lev* is no longer an issue, because *People v. Castleberry*, 2015 IL 116916, and subsequent cases have altered the concept of subject-matter jurisdiction as set out in *Lev*.

"[N]othing in our decision today conflicts with the jurisdictional timeframes affirmed in *Orahim*. The pivotal issue here is what constitutes a 'motion to withdraw the plea of guilty' under Rule 604(d). That issue was not before us in *Orahim*." *Supra* ¶ 31.

However, "what constitutes a 'motion to withdraw the plea of guilty' under Rule 604(d)" is a consideration only because of what *Orahim* says." *Orahim* held that a defendant's timely postjudgment motion extends both the trial court's jurisdiction and the defendant's time to appeal and that a subsequent postjudgment motion (in that case, a motion to withdraw a guilty plea), filed more than 30 days after sentencing, did not renew the trial court's "lapsed" jurisdiction or extend the defendant's time to appeal. *Orahim*, 2019 IL App (2d) 170257, ¶ 5. In the real world, defendant's notice of motion was not a timely filed postjudgment motion, and defendant's amended motion to withdraw his guilty plea and vacate the judgment, filed nine months after sentencing, did not renew the trial court's lapsed jurisdiction or extend defendant's time to appeal. In the majority's contextual realm, defendant's notice of motion is sufficient to extend the trial court's jurisdiction so that defendant's amended motion to withdraw, filed nine months after sentencing, was timely and defendant's time to appeal was extended. The author of this majority opinion concurred in *Orahim* and agreed that the trial court's jurisdiction "lapsed" and that the defendant's motion, filed five days after the denial of his previous motion, was untimely. If that motion was late, it is difficult to understand how a motion filed nine months after sentencing could be considered timely—unless, of course, they are the same, only different.

¶ 58    I find it interesting that defendant's filings subsequent to the notice of motion do not support the conclusion that the notice is actually a motion. Defendant's first actual motion, filed December 11, 2018, was titled "MOTION TO WITHDRAW GUILTY PLEA AND VACATE JUDGMENT." It was not titled "Amended Motion," but "Motion." Similarly, defendant's January

22, 2019, filing was titled "AMENDED MOTION TO WITHDRAW GUILTY PLEA AND VACATE JUDGMENT." The author of these documents apparently had no contextual misperceptions that led her to conclude that the notice of motion was anything but a notice.

¶ 59    Ironically, the majority touches on what the proper outcome of this case should be without even realizing (or acknowledging) it. In its long list of cases in which defendants' letters to the trial court were deemed to be motions, the majority quotes from *People v. Gibson*, 96 Ill. 2d 544 (1983) (supervisory order), a supervisory order issued by the supreme court.[7] Our supreme court possesses "supervisory authority over the Illinois court system" (*Lyles*, 217 Ill. 2d at 217) that is "not limited by any rules or means for its exercise" (*McDunn v. Williams*, 156 Ill. 2d 288, 304 (1993)). The proper outcome of this case would be for this court to find that we lack jurisdiction and to dismiss the appeal; defendant could then petition the supreme court for a supervisory order vacating our judgment and ordering us to consider the issues presented on appeal. See *Gibson*, 96 Ill. 2d 544.

¶ 60    The supreme court has made it clear that its rules are not mere suggestions but have the force of law and enjoy the presumption that they will be obeyed and enforced as written. See *People ex rel. Alvarez v. Skryd*, 241 Ill. 2d 34, 39 (2011). Here, defendant's notice of motion clearly fulfilled none of the requirements of a motion to withdraw a guilty plea and was not brought to the trial court's attention until well after the expiration of the period in which such a motion was to be filed. A motion to withdraw a guilty plea filed almost nine months after the entry of judgment

---

[7] I must point out that supervisory orders are nonprecedential and are not to be cited as precedential as to the merits. See *Cinkus v. Village of Stickney Municipal Officers Electoral Board*, 228 Ill. 2d 200, 221 (2008).

is *not* timely filed and *may not* be held to extend the time to appeal. This court has no jurisdiction to consider the merits of this appeal, and we should vacate the trial court's ruling on the motion and dismiss the motion. See *Orahim*, 2019 IL App (2d) 170257, ¶ 12.

---

**No. 2-19-0153**

---

| | |
|---|---|
| **Cite as:** | *People v. Owens*, 2021 IL App (2d) 190153 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Du Page County, Nos. 17-CF-365, 17-CF-2442; the Hon. Liam C. Brennan, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | James E. Chadd, Thomas A. Lilien, and Amaris Danak, of State Appellate Defender's Office, of Elgin, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | No brief filed for appellee. |

---